## CHAMBERS v. ROBERTSON.
### No. 10351.

United States Court of Appeals
District of Columbia Circuit.

Argued March 22, 1950.

Final Brief Filed May 3, 1950.

Decided June 12, 1950.

Mr. H. Russell Bishop, Washington, D. C., for appellant.

Mr. Thomas E. Walsh, Attorney, Department of Justice, Washington, D. C., with whom Assistant Attorney General H. G. Morison and Mr. George Morris Fay, United States Attorney, Washington, D. C., were on the brief, for appellee.

Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before STEPHENS, Chief Judge, and PRETTYMAN and KIMBROUGH STONE (sitting by designation), Circuit Judges.

STONE, Circuit Judge.

Appellant was honorably discharged without pay as a Captain of the Army, for physical disability, by a decision of an Army Retiring Board. After the subsequent passage of the Servicemen's Readjustment Act, he applied for a review of his discharge by a Disability Board of Review (38 U.S.C.A. § 693i(a)). A hearing before the Board of Review resulted in part affirmance and part reversal of the findings of the Retiring Board. On his petition, appellant was granted a rehearing and reconsideration. Prior to the rehearing, appellant discovered that certain reports of the Veterans' Administration (much later than his discharge) had been added to the record to be considered by the Board of Review on the rehearing. After ineffectual attempts to have these reports withdrawn, he brought this action, in the nature of mandamus, to compel such removal before the rehearing. Because of this action the rehearing has not yet been held. The trial court sustained a motion to dismiss resulting in this appeal.

The grounds, stated by the court, for the dismissal were: (1) that the action was prematurely brought before appellant had exhausted his administrative remedies; and (2) that, aside from such situation, mandamus would not lie because the matter involved was the admissibility of evidence which was within the judgment or discretion of the Board and not a purely ministerial act. The same two issues are presented here.

At oral argument, appellant was allowed time to file a reply brief and appellee to file a brief in rebuttal. For the first time, appellee, in his rebuttal brief, presents two new grounds for affirmance of the judgment. Those are (1) that appellant has had his case reviewed and the Board decision has been approved by the President and he now has no judicial remedy since the granting of a rehearing is within the discretion of the Board and not required by the statute; and (2) that the challenged procedure has been followed by the Board in over three thousand instances and, therefore this extended administrative construction of the statute is "entitled to great weight and should not be overturned, unless clearly wrong or unless a different construction is plainly required."

Orderly consideration of the issues will be served by an initial disposition of these two "afterthought" matters. As to the first, there is nothing in this record to show that the former decision of the Board ever reached the President or indeed passed beyond the Board before the rehearing was granted—the contrary is the clear implication of the record here. True, a rehearing by the Board is not provided in the statute; however, there is nothing expressed or implied in the statute preventing the Board according a rehearing so long as the matter has not passed from its control. Such rehearing is provided for in the Regulations of the War Department applying to such reviews and such Regulation does not violate the statute.

As to the second, a short answer would be that the record here is barren of evidence of any long continued and much used administrative practice. However, even accepting the factual basis of long administrative action (as stated in the rebuttal brief), this simply brings into play the rule that such practice should not be overturned unless a different practice is plainly required by the statute. Whether there is here such plain requirement will be determined hereinafter.

## Premature Action.

The contention that the action was prematurely brought is that appellant had not exhausted his administrative remedies. The supporting argument as to non-exhaustion of administrative remedies is that appellant has been accorded a rehearing; that the Board has not, as yet, considered this evidence nor held the rehearing; and that, until it does so, he has made no showing of injury—in fact, this very evidence might constitute the reason for and result in a determination in his favor by the Board on the rehearing.

■ For legal authority, the argument relies upon a long line of cases, of which Lichter v. United States, 334 U.S. 742, 791, 68 S.Ct. 1294, 92 L.Ed. 1694, is the latest expression by the Supreme Court. These announce the general rule that, where Congress has provided an administrative procedure, such procedure must be exhausted before there can be resort to the courts. An application of this rule closer to our issue is that of cases which forbid court intervention where the matter complained of is not a final determination of the administrative body but is preliminary or merely procedural.[1] However, these wise legal rules are not without exceptions necessary to preserve fundamental rights of the litigant (Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 773, 67 S.Ct. 1493, 91 L.Ed. 1796; Anniston Manufacturing Co. v. Davis, 301 U.S. 337, 343, 57 S.Ct. 816, 81 L.Ed. 1143) or to prevent a violation of express statutory limitations placed by the Congress upon the powers or actions of an administrative body (Dismuke v. United States, 297 U.S. 167, 172).

The present action is directed at a procedural matter before final administrative determination. Therefore, it is premature unless within an exception. This depends upon the fact situation and the pertinent statute.

■ The fact situation is undisputed, being admitted by the motion to dismiss and,

apparently, conceded otherwise. This fact is that the Veterans' Administration reports, made after discharge of appellant, are not "service records relating to" appellant.

The Boards of Review were authorized and their powers, duties and procedure defined in section 693i of Title 38 U.S.C.A. The pertinent part is subsection (a), which is "The Secretary of the Army, the Secretary of the Navy, and the Secretary of the Treasury are authorized and directed to establish, from time to time, boards of review composed of five commissioned officers, two of whom shall be selected from the Medical Corps of the Army or Navy, or from the Public Health Service, as the case may be. It shall be the duty of any such board to review, at the request of any officer retired or released from active service, without pay, for physical disability pursuant to the decision of a retiring board, board of medical survey, or disposition board, the findings and decisions of such board. Such review shall be based upon all available service records relating to the officer requesting such review, and such other evidence as may be presented by such officer. Witnesses shall be permitted to present testimony either in person or by affidavit, and the officer requesting review shall be allowed to appear before such board of review in person or by counsel. In carrying out its duties under this section such board of review shall have the same powers as exercised by, or vested in, the board whose findings and decision are being reviewed. The proceedings and decision of each such board of review affirming or reversing the decision of any such retiring board, board of medical survey, or disposition board shall be transmitted to the Secretary of the Army, the Secretary of the Navy, or the Secretary of the Treasury, as the case may be, and shall be laid by him before the President for his approval or disapproval and orders in the case."

Broadly, the statutory method required is that the Board shall hear and determine

---

[1]. Rochester Telephone Corp. v. United States, 307 U.S. 125, 130, 59 S.Ct. 754, 83 L.Ed. 1147; Federal Power Com. v. Metropolitan Edison Co., 304 U.S. 375, 383–385, 58 S.Ct. 963, 82 L.Ed. 1408; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L. Ed. 638.

the matter and shall transmit its "proceedings and decision" to the proper Secretary (Army, Navy or Treasury), who shall lay the same "before the President for his approval or disapproval and orders in the case." Under this prescribed method for administrative action, no notice of the decision of the Board nor any opportunity to test the soundness of the decision of the Board is prescribed.

■ We do not suggest that it was constitutionally necessary for the Congress to provide such opportunity. The "right" here is entirely created by and dependent upon the statute and involves possible liability of the sovereign. Such character of right may be granted upon such terms as the Congress may elect. In such situations, about the only "right" of the litigant, if he is within the statute, is to have the administrative procedure confined to the requirements of the statute. That is what appellant is trying to do in this action. From what has been shortly before expressed, it is clear that the statutory administrative method affords no opportunity, after decision by the Board, for appellant to confine the Board to the statutory procedure. On the other hand, the statute does not prohibit the intervention of the courts to compel compliance with the statute by the Board. There is no suggestion that the rights of appellant can be protected by some later and other remedy than intervention by a court into the administrative proceeding, such as suggested in Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 774, 67 S.Ct. 1493, 91 L.Ed. 1796. Nor can the courts alter a determination by the President. Therefore, any court intervention, to be effective, must be before a decision by the Board or, at least, must be initiated before such decision (compare Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 775, note 39, 67 S.Ct. 1493, 91 L.Ed. 1796 and Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 621–622, 64 S.Ct. 1215, 88 L.Ed. 1488, 153 A.L.R. 1007). In this situation, we conclude that judicial intervention is here permissible and that a proper action to protect the rights of appellant is not premature. United States ex rel. Kansas City Southern R. Co. v. Interstate Commerce Commission, 252 U.S. 178, 179,

40 S.Ct. 187, 64 L.Ed. 517. Whether this action was the proper one is the second issue before us.

### Mandamus.

■ Appellee challenges that this action —in the nature of mandamus—is not proper here because the act to be required thereby is not purely ministerial. The hornbook rule has been recently well stated by this court (Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23, 25) as follows: "The writ [mandamus] should be used only when the duty of the officer to act is clearly established and plainly defined and the obligation to act is peremptory * * *."

The fact situation is undisputed that the Veterans' Administration reports here are not "service records" within the meaning of section 693i. The contest is over the powers given the Board by this section.

Appellant contends that the section requires a review to be confined to consideration of his service records and such other evidence as he may present. This is grounded on the language of the section: "Such review shall be based upon all available service records relating to the officer requesting such review, and such other evidence as may be presented by such officer."

Appellee contends that this language is not exclusive but is merely "descriptive" and that inclusion or exclusion of the reports involves an exercise of discretion and judgment. It is urged that this position is established by the further language of the section and by the powers of the Retiring Board to which the language refers. This part of the section is: "In carrying out its duties under this section such board of review shall have the same powers as exercised by, or vested in, the board whose findings and decision are being reviewed." The Retiring Board pertinent provision is Title 10 U.S.C.A. § 963, which is: "*Inquiry into and determination of facts.* A retiring board may inquire into and determine the facts touching the nature and occasion of the disability of any officer who appears to be incapable of performing the duties of his office, and shall have such powers of a court-martial and of a court of inquiry as may be necessary for that purpose."

■ Each of the parties has stated a contention which, if true, would rule this issue his way. The crux is whether the language of the section relied on by appellee modifies or affects that relied on by appellant. If this presented a doubtful situation where the language urged by appellant did not plainly carry and require the meaning he asserts, we would hesitate to uphold this remedy (United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Commission, 294 U.S. 50, 61, 55 S.Ct. 326, 79 L.Ed. 752; Interstate Commerce Commission v. New York, N. H. & H. R. Co., 287 U.S. 178, 203-204, 53 S.Ct. 106, 77 L.Ed. 248). However, the requirement of the section is clear and unequivocal. The vital expression is that "such review *shall be based upon* * * *" (emphasis added). These words are words of exclusion of all evidence not specified in that sentence. The language urged by appellee does not qualify this requirement. In fact, if it affected this requirement in any way, it would be to destroy it entirely. This is true because, if the Board can consider any evidence other than the service records and such as the officer might present, such action would clearly allow the Board to *base* its decision in whole or part upon this additional proof. "No rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that 'significance and effect shall, if possible, be accorded to every word * * *.' Washington Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782" (Ex parte Public National Bank of New York, 278 U.S. 101, 104, 49 S.Ct. 43, 44, 73 L.Ed. 202)[2]. The general language emphasized by appellee can and does cover many other matters of practice and procedure. The two statutory provisions must and can be construed so that both may be preserved. Congress never intended to destroy the plainly expressed required evidentiary basis for decisions by the Board.

■ In principle and in fact situation, United States ex rel. Kansas City Southern R. Co. v. Interstate Commerce Commission, 252 U.S. 178, 40 S.Ct. 187, 64 L.Ed. 517, closely parallels this case. There the action was to compel consideration of evidence, excluded by the Commission, which the statute expressly required to be considered. Also, that action was in an initial stage (United States v. Los Angeles & Salt Lake Railroad Co., 273 U.S. 299, 310, 47 S.Ct. 413, 71 L.Ed. 651). While this case has been confined (Interstate Commerce Commission v. New York, N. H. & H. R. Co., 287 U.S. 178, 204, 53 S.Ct. 106, 77 L.Ed. 248), yet it is still authority for the use of mandamus "where the departure from the statute is clear beyond debate" (Interstate Commerce Commission v. New York, N. H. & H. R. Co., supra, 287 U.S. page 204, 53 S.Ct. page 113; and see Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 622, 64 S.Ct. 1215, 88 L.Ed. 1488, 153 A.L.R. 1007; United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Commission, 294 U.S. 50, 61, 55 S.Ct. 326, 79 L.Ed. 752; Interstate Commerce Commission v. United States ex rel. Members of Waste Merchants' Ass'n of N. Y., 260 U.S. 32, 35, 43 S.Ct. 6, 67 L.Ed. 112). Here the ground for allowing mandamus is much stronger than in 252 U.S. 178, 40 S.Ct. 187, 64 L.Ed. 517. There, a remedy in the later stages existed which would fully protect the petitioner. Here, there is no prescribed remedy and no later opportunity to protect the statute-given rights of appellant.

Nor is this a case where final decision, if it is to be effective, should be deferred until after the decision of the Board (Cf. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 775, note 39, 67 S.Ct. 1493, 91 L.Ed. 1796). Here the fact situation is undisputed; the statute is clear; and the violation thereof by the Board is plain.

The judgment is reversed and the case remanded with directions to set aside the dismissal and to enter judgment requiring the Board to withdraw the Veterans' Administration reports from the record before it.

Reversed.

---

2. Two recent cases in this Court are Fisher v. District of Columbia, 82 U.S. App.D.C. 371, 164 F.2d 707, 708 and United States v. Public Utilities Commission, 80 U.S.App.D.C. 227, 151 F.2d 609, 613.