## ROBERTSON, PRESIDENT OF THE ARMY REVIEW BOARD, v. CHAMBERS.

No. 295.   Argued March 1, 1951.—Decided April 9, 1951.

*Oscar H. Davis* argued the cause for petitioner.   With him on the brief were *Solicitor General Perlman, Acting Assistant Attorney General Clapp, Samuel D. Slade* and *Morton Hollander.*

*H. Russell Bishop* argued the cause and filed a brief for respondent.

Mr. Justice Douglas delivered the opinion of the Court.

Respondent, a former captain in the Army, was honorably discharged for physical disability and without retirement pay, as the result of a decision by an Army Retiring Board.   Respondent applied to the Army Disability Review Board for review of that action.   The Review Board held that respondent was not entitled to retirement pay.   Respondent, having requested a rehearing, was allowed to examine the record on which the rehearing would be based.   He discovered that the record contained certain

medical reports of the Veterans' Administration concerning his condition. Respondent requested the Review Board to remove those reports from the record. The Review Board refused. Respondent thereupon instituted this mandamus proceeding seeking a mandatory injunction directing the President of the Review Board to exclude those reports from the record. The District Court dismissed the complaint. The Court of Appeals reversed. 87 U. S. App. D. C. 91, 183 F. 2d 144. The case is here on certiorari. 340 U. S. 889.

The principal question relates to the provision in § 302 (a) of the Servicemen's Readjustment Act of 1944, 58 Stat. 287, 59 Stat. 623, 38 U. S. C. § 693i (a), which describes the scope of review by the Review Board as follows: "Such review shall be based upon all available service records relating to the officer requesting such review, and such other evidence as may be presented by such officer." Respondent contends that the term "service records" means the record of the service which the military man has rendered from the time of his entry into the service until his discharge. That was the view of the Court of Appeals. We, however, think otherwise.

Section 302 (a) grants the Review Board "the same powers as exercised by, or vested in, the board whose findings and decision are being reviewed." That board is the Retiring Board which R. S. § 1248, 10 U. S. C. § 963, says may "inquire into and determine the facts touching the nature and occasion of the disability of any officer who appears to be incapable of performing the duties of his office, and shall have such powers of a court-martial and of a court of inquiry as may be necessary for that purpose."

These powers of the Retiring Board have been given a wide reach, so that the nature and cause of the disability may be ascertained. Their broad character will not, of

course, override the specific provision of § 302 (a) to the effect that the "review shall be based upon all available service records," etc. But the nature of the powers granted under R. S. § 1248 has relevance to the arguments pressed on us for and against reading "service records" narrowly.

The powers granted the Retiring Board have been construed by the regulations in a liberal fashion, not in a narrow and stifling way. Thus the Adjutant General is required to furnish the board with the "originals or certified copies of the complete medical history, and of all other official records affecting the health and physical condition of the officer." [1] The oral examination of the officer is granted for the purpose "of making full discovery of all facts as to his condition." [2] These hearings are not contests; they are inquiries concerning disability. The purpose is to get at the truth of the matter.[3]

The medical history following the retirement will often be of great importance to the Review Board, since the statute of limitations which governs review is a long one. Requests for review may be made within 15 years after the retirement or after June 22, 1944, whichever is the later. § 302 (b). Medical history may therefore be highly pertinent to the inquiry. Plainly the officer is granted authority under § 302 (a) to introduce such evidence; and it is certain he will do so if it is favorable. We hesitate at a construction of the statute which forecloses the Army from considering the evidence when it

---

[1] Army Reg. 605–250, Mar. 28, 1944, par. 3a.

[2] *Id.* at par. 21.

[3] The regulations governing the Disability Review Board have incorporated this broad construction of the powers granted. Thus the Adjutant General is to provide that Board with "all available Department of the Army and/or other records pertaining to the health and physical condition of the applicant." 32 CFR § 581.1 (a) (2) (iii). And see note 4, *infra.*

is unfavorable.[4]   Yet that would be the result if we construed "service records" narrowly.   We think it would be more in harmony with the nature of the procedure, the purpose of the inquiry, and the powers granted the Review Board to construe "service records" broadly enough to include these medical reports.

The reports in issue were official government reports transmitted to the Army and incorporated in that department's files.   They therefore became a part of the record of the officer pertaining to his service.   We conclude that they are "service records" within the meaning of § 302 (a).

*Reversed.*

---

[4] The regulations promulgated to govern Disability Review Board proceedings have not restricted the inquiry by such a cramped construction.   They authorize the Board "to receive additional evidence bearing on the causes and service-connection of [the disability]" without limitation.   32 CFR § 581.1 (a) (1) (iii).   Indeed they empower the Board to make its own physical examination of the retired officer at the time of the hearing.   32 CFR § 581.1 (b) (2) (v).