**HERMAN v. DULLES, Secretary of State.**

**No. 11627.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 23, 1953.

Decided June 4, 1953.

Messrs. Joseph L. Nellis and Kenneth N. Parkinson, Washington, D. C., for appellant.

Mr. William R. Glendon, Washington, D. C., Asst. U. S. Atty. at time of argument, with whom Mr. Charles M. Irelan, Washington, D. C., U. S. Atty. at time of argument, was on the brief, for appellee.

Messrs. Leo A. Rover, U. S. Atty., Joseph M. Howard, Washington, D. C., Asst. U. S. Atty. at the time record was filed, and Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

The International Claims Commission of the United States, in the Department of State, found that the appellant, an attorney, had violated certain canons of ethics of the American Bar Association. After a hearing the Commission revoked his right to appear before it. The then Secretary of State, advised by a committee of the District of Columbia Bar Association that the Commission's findings were correct, affirmed the revocation. On review the District Court entered a summary judgment against appellant. The present Secretary of State has been substituted as appellee.

An administrative agency that has general authority to prescribe its rules of procedure may set standards for determining who may practice before it. Goldsmith v. U. S. Board of Tax Appeals, 270 U.S. 117, 122, 46 S.Ct. 215, 70 L.Ed. 494. The International Claims Commission has express authority to "prescribe such rules and regulations as may be necessary to enable it to carry out its functions". 64 Stat. 13, 22 U.S.C.A. § 1622(c). Before this controversy arose the Commission adopted and published certain Rules of Practice and Procedure. 15 F.R. 8675–8678. Section 300.4(b) of these Rules tells how attorneys may qualify to appear before the Commission. Section 300.6 prescribes grounds on which their right to appear may be revoked. One such ground is a finding by the Commission that an attorney "has failed to conform to recognized standards of professional conduct." 15 F.R. 8676. This rule supports the Commission's action against the appellant.[1] Camp v. Herzog, 104 F.Supp. 134, decided by the United States District Court for the District of Columbia in 1952, is not to

---

1. Appellant complains that additional rules were published on the day of the hearing. 17 F.R. 693–695, Jan. 23, 1952. But they were served on appellant five days before the hearing and they only provided procedures to be followed in cases under § 300.6.

the contrary. If the Board there involved had issued rules, there would have been "no question as to its power to discipline." 104 F.Supp. at page 138.

■ In revoking appellant's right to appear before it, the Commission exercised its discretion "after fair investigation, with such a notice, hearing and opportunity to answer * * * as would constitute due process." Goldsmith v. U. S. Board of Tax Appeals, supra, 270 U.S. at page 123, 46 S.Ct. at page 217. The evidence was sufficient. Appellant complains that counsel for the Commission suggested the burden was on appellant to disprove the charges. But since the Commission did not adopt the suggestion, counsel's error was harmless.

■ We do not consider whether the Commission's proceedings complied with the requirements of §§ 5, 7, and 8 of the Administrative Procedure Act, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq. The requirements regarding adjudication apply "In every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing * * *" (§ 5) and the hearing and decision requirements of §§ 7 and 8 apply to rule making "Where rules are required by statute to be made on the record after opportunity for an agency hearing * * *." § 4(b). No statute creates the conditions that would make these provisions applicable to the disciplinary proceedings here involved.

■ Section 6, 60 Stat. 240, 5 U.S.C.A. § 1005, deals with "Ancillary matters" including, in paragraph (a), "Appearance." It provides that persons compelled to appear before an agency may be accompanied and represented by "counsel." It does not regulate the qualifications of counsel or provide how agencies may regulate them. During debate on the bill Senator McCarran read with approval the Attorney General's statement that § 6(a) "does not deal with, or in any way qualify, the present power of an agency to regulate practice at its bar." Administrative Procedure Act, Legislative History, 79th Cong. 2d Sess., Sen.Doc. 248, p. 317. Bills to regulate

admissions and disciplinary proceedings in administrative agencies have been introduced but not passed. These include H.R. 8201, 81st Cong., 2d. Sess., and H.R. 3097, 82d Cong., 1st Sess. "It is clear * * * that the existing powers of the agencies to control practice before them are not changed by the Administrative Procedure Act." Attorney General's Manual on the Administrative Procedure Act, 1947, p. 66.

Affirmed.