**UNITED STATES OVERSEAS AIR-LINES, Inc., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD, Respondent,**

**Seaboard & Western Airlines, Inc., Intervenor.**

No. 12360.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 2, 1955.

Decided March 3, 1955.

Mr. Leonard S. Halpert, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Alfred Long Scanlon, Washington, D. C., was on the brief, for petitioner.

Mr. O. D. Ozment, Attorney, Civil Aeronautics Board, Washington, D. C., with whom Mr. Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, Mr. John H. Wanner, Associate General Counsel, Civil Aeronautics Board, and Mr. James L. Highsaw, Jr., Chief, Litigation and Research Division, Civil Aeronautics Board, Washington, D. C., were on the brief, for respondent. Mr. Charles H. Weston, Attorney, Department of Justice, Washington, D. C., also entered an appearance for respondent.

Mr. Hardy K. Maclay, Washington, D. C., for intervenor. Mr. Walter D. Hansen, Washington, D. C., also entered an appearance for intervenor.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review orders of the Civil Aeronautics Board. In the view which we take of the case it is unnecessary to state more than a few of the complicated facts involved. In a proceeding known as the Transatlantic Cargo case [1] the Board considered a number of applications for certificates of convenience and necessity covering unlimited cargo operations by air between the United States and European points. Pursuant to statute [2] the Board's recom-

1. C.A.B. Docket Nos. 3041 et al.

2. Sec. 801 of the Civil Aeronautics Act,  52 Stat. 1014 (1938), as amended, 49 U.S. C.A. § 601.

mended decision and order was transmitted to the White House for Presidential approval. As of the time of hearing this cause in this court the matter was pending at the White House. In the meantime, after the filing of the Examiner's report, exceptions thereto, and briefs thereon, our petitioner requested the Board to sever certain portions of an application which it had then pending in another proceeding involving supplemental or limited transatlantic cargo and passenger authority, and to consolidate that application with the other applications then pending in the Transatlantic Cargo case. The request was denied. Reconsideration was sought and was also denied. The present petition is for review of the orders denying the request and denying reconsideration.

The problem of the reviewability of orders of the Civil Aeronautics Board involving applications of air carriers to engage in overseas and foreign transportation was considered and decided by the Supreme Court in Chicago & Southern Air Lines v. Waterman S. S. Corp.[3] Such orders are subject to approval by the President. The Supreme Court held them not reviewable by the courts. In the opening portion of its opinion the Court began its description of the case thus: "By proceedings not challenged as to regularity, the Board, with express approval of the President, issued an order * * *."[4] It has been urged that by that expression the Court reserved from its decision proceedings challenged as to regularity. The Court did not refer to the matter again in its opinion, but in the concluding paragraph it stated:

"We conclude that orders of the Board as to certificates for overseas or foreign air transportation are not mature and are therefore

not susceptible of judicial review at any time before they are finalized by Presidential approval. After such approval has been given, the final orders embody Presidential discretion as to political matters beyond the competence of the courts to adjudicate."[5]

The dissenting Justices emphasized that under the decision the courts are powerless to correct any action of the Board, no matter how extreme, even those relating to lack of procedural due process.

■ In so far as this court is concerned, the matter has been foreclosed. In Air Transport Associates, Inc. v. Civil Aeronautics Board, No. 11118, and in Chicago & Southern Air Lines, Inc. v. Civil Aeronautics Board, No. 10375, the petitioners urged points involving the regularity of the Board's procedure, claiming that the Board had deprived them of procedural due process. In both cases the Board filed motions to dismiss upon authority of the Waterman case. After hearings upon the motions this court dismissed the petitions for review. Certiorari was sought in both cases and was denied.[6] It has thus been settled, in so far as this court is concerned, that, despite claims of procedural irregularity, under the Waterman opinion and decision the court has no jurisdiction to review orders of the Civil Aeronautics Board in matters which by statute are for the determination of the President.

■ Petitioner urges that it does not attack the validity of the order which is under consideration by the President, but merely attacks the order which denied them participation in the proceedings. But quite clearly the practical effect of petitioner's position is that the order which went to the President was invalid due to procedural irregularity. We think, therefore, that the case comes

3. 1948, 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568.

4. Id., 333 U.S. at page 105, 68 S.Ct. at page 433.

5. Id., 333 U.S. at page 114, 68 S.Ct. at page 437.

6. Air Transport Associates, Inc. v. Civil Aeronautics Board, 1952, 344 U.S. 825, 73 S.Ct. 25, 97 L.Ed. 642; Chicago & Southern Air Lines, Inc. v. Civil Aeronautics Board, 1950, 340 U.S. 829, 71 S. Ct. 66, 95 L.Ed. 609.

within the established rule. Accordingly the petition for review must be dismissed. A motion to dismiss the petition was made by the Board and was denied without prejudice to renewal at the hearing on the merits. The motion was renewed at the hearing and will now be granted.

So ordered.

FAHY, Circuit Judge, concurs in the result.