Phillip W. AUSTIN, Appellant,

v.

The MUNICIPAL COURT for the DISTRICT OF COLUMBIA, and the Judges thereof, Appellees.

No. 12811.

United States Court of Appeals
District of Columbia Circuit.

Argued May 23, 1956.

Decided June 21, 1956.

Petition for Rehearing In Banc Denied
Aug. 7, 1956.

Mr. Philip W. Austin, Washington, D. C., appellant, pro se.

Mr. Milton D. Korman, Asst. Corp. Counsel for the District of Columbia, with whom Mr. Vernon E. West, Corp. Counsel, Mr. Chester H. Gray, Principal Asst. Corp. Counsel, and Mr. Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellees.

Before PRETTYMAN, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant Austin brought a civil action in the District Court praying an injunction restraining the judges of the Municipal Court from "debarring" him from practice before that court and praying that the District Court declare Rule 75 of the Municipal Court illegal as without authority of law. The District Court dismissed the complaint.

Austin is now and has been for many years a member of the bar of the District Court and of this court, having been duly admitted to practice in 1924. He has practiced in all the courts of this jurisdiction. In 1952 the Municipal Court

adopted a rule, Rule 75, which provided that the bar of that court should consist of members of the bar of the District Court in good standing, provided such persons should take an oath, sign a roll, and pay the sum of fifty cents. The Clerk of the Municipal Court gives to each attorney complying with the rule an appropriate card of identification.

■ Austin argues that the Municipal Court has no power to admit to the bar, that authority having been vested by Congress in the District Court in so far as general practice in this jurisdiction is concerned. In that contention he is quite correct. The appellee judges say, however, they have a practical problem in that thousands of cases are presented to them for disposition and the identification of people who purport to represent litigants in the Municipal Court is a real difficulty. They say their new rule merely establishes a convenient roll, with a card of identification, so that persons entitled to practice before their court can instantly be identified. They point out that the required oath is in no wise different from the usual oath required of attorneys and that the fee is purely nominal.

It is well known that many agencies in the District of Columbia, without power to admit to the general practice of the law, require the enrollment of attorneys to practice before them, with an ancillary oath and a prescribed fee. Such, for example, are the Treasury Department and several of the Commissions.[1]

The Municipal Court was empowered by statute[2] to prescribe by rules the practice and procedure in that court "to provide for the efficient administration of justice". Moreover the statute also provides[3] that the Municipal Court and the Municipal Court of Appeals "shall have full power and authority to censure, suspend, or expel from practice, at their respective bars, any attorney * * *."

This latter provision unmistakably indicates that Congress had in mind that there would be a bar of the Municipal Court from which that court could suspend or expel an attorney.

■ Austin uses the word "debarment" to refer to the fact that the Municipal Court will not permit him to practice there unless he is enrolled. There has been no debarment in any sense in which that term may be used to refer to action taken by a court to prevent an attorney from practicing. No charges have been preferred against Austin, and none are suggested. He has been a highly respected member of the bar for many years. He has not been refused enrollment. He has simply declined to enroll. Any time he chooses to become enrolled as a practitioner in the Municipal Court, he is perfectly free to practice there. There is no debarment in any derogatory sense.

■ We think Rule 75 imposes no substantive requirement for the practice of law but is instead a reasonable requirement of procedure for the efficient administration of justice. It meets a troublesome problem in the everyday conduct of the court's business. Neither the oath nor the fee is any impediment whatsoever to the enrollment of any attorney already a member of the bar. If the oath were unusual in its terms or the fee substantial in amount, we might have a different problem.

Austin argues that he was entitled to charges and a hearing. But there are no charges and nothing to be heard. As we have said, the situation is simply that the attorney declines to enroll. We think his rights are fully protected by the ability to bring this suit.

We think the rule of the Municipal Court is valid.

Affirmed.

1. See, e. g., Herman v. Dulles, 92 U.S.App. D.C. 303, 205 F.2d 715 (D.C.Cir.1953).

2. 56 Stat. 193 (1942), D.C.Code 1951, § 11-756(b).

3. 56 Stat. 196 (1942), D.C.Code 1951, § 11-775.