**Morris Mac SCHWEBEL, Plaintiff,**

v.

**Andrew D. ORRICK et al., Defendants.**

**Civ. A. No. 1510–57.**

United States District Court
District of Columbia.

July 12, 1957.

Alexander B. Hawes, Washington, D. C., Chester T. Lane, New York City, Fowler, Leva, Hawes & Symington, Washington, D. C., Beer, Richards, Lane, Haller & Buttenwieser, New York City, of counsel, for plaintiff.

Thomas G. Meeker, General Counsel, Securities & Exchange Commission, David Ferber, Asst. Gen. Counsel, Jule B. Greene, Atty., Washington, D. C., for defendants.

KEECH, District Judge.

This case is before the court on plaintiff's motion for a preliminary injunction and temporary restraining order enjoining the members of the Securities and Exchange Commission from prosecuting the pending disciplinary proceeding, or any other disciplinary proceeding pursuant to any rules or regulations not authorized by law, against the plaintiff, and upon the Commission's motion to dismiss the complaint.

The complaint alleges that plaintiff is a member in good standing of the bar of the highest court of the State of New York; that on May 6, 1957, the defendants caused to be issued and served on him a "Notice of and Order for Private Hearing Pursuant to Rule II (e) of the Rules of Practice" of the Securities and Exchange Commission, fixing June 10 [1] as the date of hearing and giving the plaintiff to and including June 3 [2] within which to file an answer with the Commission. The notice of hearing contained nine specific charges of alleged "unethical and improper professional conduct" in connection with plaintiff's representation of clients in matters before the Commission, and stated that the purpose of the hearing was "to determine whether the respondent should be temporarily or permanently disqualified from and denied the privilege of appearing or practicing before the Commission."

The complaint shows further that the plaintiff filed with the Commission a motion to dismiss the proceeding and a supplemental motion to dismiss, based upon substantially the same grounds as have been argued in support of his motion for preliminary injunction. On June 20, 1957, the Commission issued an opinion and order denying the motions

---

1. The date of hearing has been postponed by the Commission until after this court's disposition of the pending motions.

2. Subsequently extended to June 10, 1957.

to dismiss, whereupon this action was filed.

It is the plaintiff's contention that the Securities and Exchange Commission is without authority to maintain the pending disciplinary proceeding. Plaintiff concedes the inherent authority of all legally constituted tribunals to protect the dignity and decorum of their proceedings by expulsion for contemptuous conduct,[3] but argues that the Commission has no express statutory authority to deny, temporarily or permanently, the privilege of attorneys to practice before it; that even conceding that authority to establish a bar and to disbar for cause to be implied in the Commission's statutory power "to make such rules and regulations as may be necessary for the execution of the functions vested in them" [4] the Commission has failed to implement such authority by establishing a bar;[5] and that inasmuch as the power to disbar or disqualify derives from and is corollary to the establishment of a bar in the first instance, the Commission is without authority to take any disciplinary action against him.[6] The plaintiff further contends that, assuming the Commission does have power to suspend or disbar attorneys, any decision reached in the pending proceeding would be a nullity because the Commission has failed to comply with the notice provisions of Section 9(b) of the Administrative Procedure Act.[7]

Plaintiff argues that immediate and irreparable injury will be done to his professional good name by prosecution of the contemplated unauthorized disciplinary proceeding, which would justify equitable intervention by the court.

The defendants in their motion to dismiss contend, first, that this court is without jurisdiction to entertain the complaint because plaintiff has not exhausted his administrative remedies and because he alleges no legally cognizable injury. They contend further that, assuming the court has jurisdiction to determine at this time the legal question of the Commission's power to maintain disciplinary proceedings against plaintiff, the Commission is acting under its implied power to establish a bar and to disbar therefrom, which has been implemented by Rule II(b),[8] establishing a standard of professional qualification for attorneys practicing before it, and Rule II(e),[9] providing for suspension or disbarment of persons found guilty of unethical or improper professional conduct. It is their further position that none of the provisions of the Administrative Procedure Act are applicable to disciplinary proceedings against attorneys practicing before government agencies, and therefore no notice under Section 9(b) was required.

It is elementary law that as a general rule administrative remedies must first be exhausted before one aggrieved is entitled to court review;[10] but this wise rule is not without exceptions necessary to preserve the fundamental rights of the litigant or to pre-

3. Okin v. S. E. C., 2 Cir., 1943, 137 F.2d 398.

4. 15 U.S.C. § 78w(a); Herman v. Dulles, 1953, 92 U.S.App.D.C. 303, 205 F.2d 715.

5., 6. Camp v. Herzog, D.C.D.C.1952, 104 F.Supp. 134, 139.

7. 5 U.S.C.A. § 1001 et seq.

8. Rules of Practice for the Securities and Exchange Commission, effective April 1, 1950, Rule II(b): "A person may be represented in any proceeding by an attorney at law admitted to practice before the Supreme Court of the United States, or the highest court of any State or Territory of the United States, or the Court of Appeals or the District Court of the United States for the District of Columbia."

9. Rule II(e): "The Commission may disqualify, and deny, temporarily or permanently, the privilege of appearing or practicing before it in any way to any person who is found by the Commission after hearing in the matter

"(1) not to possess the requisite qualifications to represent others; or

"(2) to be lacking in character or integrity or to have engaged in unethical or improper professional conduct."

10. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

vent a violation of express statutory limitations placed by the Congress upon the powers or actions of an administrative body.[11] "A determination of administrative authority may * * * be made at the behest of one so immediately and truly injured by a regulation claimed to be invalid, that his need is sufficiently compelling to justify judicial intervention even before the completion of the administrative process."[12] Counsel for the government concedes that a case where it is clearly apparent that the administrative body is attempting to act entirely outside its lawful jurisdiction would fall within the exception to the general rule.

■ It is also clear that the mere fact that one is subjected to litigation or administrative proceedings ordinarily results in no legally cognizable injury, the expense and annoyance of litigation being a part of the social burden of living under government. As stated by the Supreme Court, "once the right of the Government to hold administrative hearings is established, a litigant cannot enjoin them merely because they might * * * be inconvenient or embarrassing."[13]

■ Mindful of these basic principles, the court concludes that this case does present an exceptional situation in which the court has jurisdiction to determine the purely legal question of the Commission's authority to maintain the pending disciplinary proceedings against plaintiff, without requiring him to exhaust his administrative remedies, because of the peculiar delicacy of an attorney's good reputation, his chief asset in his profession, and the fact that some members of the public may assume guilt from disbarment proceedings despite final exoneration. The fact that plaintiff's own publication of the pendency of disciplinary proceedings against him by his filing of this action may have caused greater damage to his reputation than would stem from the holding of the private hearing proposed by the Commission, has no bearing on his right to a determination of the jurisdictional question, although it would be an element to be weighed by the court should it reach consideration of the equities on the issue of injunction.

■ In the exercise of its jurisdiction to determine the legal question of the authority of the administrative body to maintain the threatened action, the court holds that the Securities and Exchange Commission has implied authority under its general statutory power to make rules and regulations necessary for the execution of its functions [14] to establish qualifications for attorneys practicing before it and to take disciplinary action against attorneys found guilty of unethical or improper professional conduct,[15] and that the Commission has adequately implemented this authority by its Rule II (b) and (e).[16] It is not essential that a roster of the bar be maintained, but is sufficient that the Commission has prescribed by regulation the qualifications for admission to practice before it.[17]

■ As to the applicability of the notice provision of § 9(b) of the Administrative Procedure Act,[18] the term

11. Chambers v. Robertson, 1950, 87 U.S. App.D.C. 91, 93, 183 F.2d 144, 146, reversed on the merits 341 U.S. 37, 71 S.Ct. 547, 95 L.Ed. 726.

12. Eccles v. Peoples Bank, 1948, 333 U.S. 426, 434, 68 S.Ct. 641, 645, 92 L.Ed. 784.

13. Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 540, 74 S.Ct. 745, 748, 98 L.Ed. 933.

14. 15 U.S.C.A. § 78w(a).

15. Goldsmith v. U. S. Board of Tax Appeals, 1926, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494; Herman v. Dulles, supra.

16. See notes 8 and 9, supra.

17. Camp v. Herzog, supra.

18. "(b) * * * Except in cases of willfulness or those in which public health, interest, or safety requires otherwise, no withdrawal, suspension, revocation, or annulment of any license shall be lawful unless, prior to the institution of agency

"license" as defined in § 2(e) of the Act [19] is broad enough to cover the right to practice before a government agency, which is a "form of permission" granted by the agency. Section 9(b), which deals with "any case in which application is made for a license required by law" "in the exercise of any power or authority" and revocation thereof, would therefore appear to be applicable to proceedings looking to suspension or revocation of an attorney's permission to practice before a government agency. To so hold is not in conflict with the decision of our Court of Appeals in Herman v. Dulles, supra, that Sections 5, 7, and 8 of the Administrative Procedure Act (5 U.S.C.A. §§ 1004, 1006, 1007) are inapplicable to such disciplinary proceedings. In that opinion the court quoted the statement of the Attorney General, read with approval by Senator McCarran during the debate on the Act, that § 6(a) "does not deal with, or in any way qualify, the present power of an agency to regulate practice at its bar." [92 U.S.App.D.C. 303, 205 F.2d 717.] The requirement of notice prior to revocation of permission to practice, pursuant to § 9(b), would not qualify or change the agency's power to revoke authorization to practice.

■■ Whether or not § 9(b) applies to such revocation proceedings, the result in the case at bar is the same, for the court concludes that, at the very least, charge "9" [20] falls within the class of cases involving "willfulness", which are excepted from the notice requirement. "Willfulness" as used therein has been interpreted as meaning the intentional doing of the act charged.[21] Following the rule applicable to an indictment,[22] the court holds that it is not essential for a specification of misconduct to include the word "willful" or "willfully" in order to charge a willful act if knowledge and intent are implicit in the facts recited. Although none of the nine charges uses the term "willfully" the facts alleged in many of them import an intentional act of omission or commission.

Whether the intentional acts described in the various charges constitute such unethical or improper professional conduct as would warrant suspension or revocation of an attorney's permission to practice before the Commission, is not a question which the court may determine in this action.

■■ Further, it would appear that the Commission has, in effect, complied with the notice requirement of § 9(b). The pertinent sentence of that section is in essence a restatement of the concept of fair play legislatively applied to administrative proceedings through the

proceedings therefor, facts or conduct which may warrant such action shall have been called to the attention of the licensee by the agency in writing and the licensee shall have been accorded opportunity to demonstrate or achieve compliance with all lawful requirements * * *." 5 U.S.C.A. § 1008(b).

19. "(e) 'License' includes the whole or part of any agency permit, certificate, approval, registration, charter, membership, statutory exemption or other form of permission * * *." 5 U.S.C.A. § 1001(e).

20. "9. Respondent testified on November 29, 1956, in Commission proceedings In the Matter of Great Sweet Grass and Kroy under Section 19(a) (2) of the Exchange Act [15 U.S.C.A. § 78s(a) (2)] that he never heard of Eurobrasil Trust and that he had no dealings with, or

transactions with anybody connected with, Eurobrasil Trust. The record in the aforesaid proceedings reflects that on April 12, 1956 respondent placed an order with a member firm of the Exchange for the purchase of 20,000 shares of Great Sweet Grass stock, which order was for the account of Eurobrasil Trust."

21. Great Western Food Distributors v. Brannan, 7 Cir., 1953, 201 F.2d 476, 484; Air Transport Associates v. Civil Aeronautics Board, 1953, 91 U.S.App.D.C. 147, 153, 199 F.2d 181, 186, certiorari denied 344 U.S. 922, 73 S.Ct. 386, 97 L.Ed. 710.

22. United States v. Renken, D.C.S.C.1944, 55 F.Supp. 1, affirmed Old Monastery Co. v. United States, 4 Cir., 147 F.2d 905, certiorari denied 326 U.S. 734, 66 S.Ct. 44, 90 L.Ed. 437; Howenstine v. United States, 9 Cir., 1920, 263 F. 1.

Administrative Procedure Act. It requires only that before suspension or revocation of any license the licensee shall be given written notice of the charges against him and an opportunity to meet such charges, unless willfulness of the licensee or the public interest requires summary action. No particular form or duration of notice is specified, so that a fair notice and opportunity to reply must be inferred.

Rule III(a) and (b) of the Securities and Exchange Commission, under which the defendants assumed to act and with which they complied when they served the May 6 notice on plaintiff, also provides for reasonable notice prior to the holding of any hearing before the Commission.[23] In the instant case, the proceedings for revocation were to be instituted by a private hearing set for June 10, 1957. Plaintiff was served on May 6, 1957, with written notice of a private hearing "pursuant to Rule II(e) of the Commission's Rules of Practice." That notice included a statement "in writing" of the facts or conduct which might warrant disciplinary action and, going beyond the notice provided in Rule III(a) and (b), gave plaintiff to and including June 3 within which to file a written answer, which was an opportunity "to demonstrate * * * compliance with all lawful requirements." It would therefore appear that plaintiff has been accorded the procedural due process provided by § 9(b).

For the foregoing reasons, the court will grant the defendant's motion to dismiss the complaint, from which it follows plaintiff's motion for a preliminary injunction and temporary restraining order is denied. Counsel will prepare and present promptly an appropriate order.

23. "(a) Whenever a hearing is ordered by the Commission in any proceeding, notice of such hearing shall be given by the Secretary or other duly designated officer of the Commission to each party to the proceeding * * *. Such notice shall state the time, place, and nature of the hearing and the legal authority and jurisdiction under which the hearing is to be held, and shall be accompanied by a short simple statement of the matters of fact and law to be considered and determined * * *.

"(b) The time and place for any such hearing shall be fixed with due regard for the convenience and necessity of the parties or their representatives. The notice of hearing shall be given to each party a reasonable time in advance of the hearing by personal service, by confirmed telegraphic notice or, in any proceedings other than those pursuant to Section 8 of the Securities Act of 1933 [15 U.S.C.A. § 77h], by registered mail addressed to the last known address of the party or his agent for service."