321 F.2d 394
 116 U.S.App.D.C. 128
 ALASKA AIRLINES, INC., Appellant,
v.
PAN AMERICAN WORLD AIRWAYS, INC., Appellee.
Alan S. BOYD, et al., as Individuals and Members of the
Civil Aeronautics Board, Appellants,
v.
PAN AMERICAN WORLD AIRWAYS, INC., Appellee.
 Nos. 17469, 17473.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 8, 1963.
Decided June 20, 1963.
 
 Mr. James F. Bell, Washington, D.C., with whom Messrs. George C. Neal and Calvin Davison, Washington, D.C., were on the brief, for appellant in No. 17,469.
 Mr. Edward A. Groobert, Atty., Dept. of Justice, of the bar of the Supreme Court of Connecticut, pro hac vice, by special leave of court, with whom Mr. Joseph D. Guilfoyle, Acting Assty. Atty. Gen., at the time the brief was filed, Messrs. David C. Acheson, U.S. Atty., John H. Wanner, Gen. Counsel, Civil Aeronautics Board, and Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief, for appellants in No. 17,473. Mr. Frank Q. Nebeker, Asst. U.S. Atty., and Mr. David J. McCarthy, Jr., Atty., Dept. of Justice, also entered appearances for appellants in No. 17,473.
 Mr. William E. Miller, Washington, D.C., with whom Messrs. Robert J. Corber and Hubert A. Schneider, Washington, D.C., were on the brief, for appellee.
 Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.
 BASTIAN, Circuit Judge.
 
 
 1
 On the basis of a preliminary staff study which indicated a possible surfeit of air carriers operating from the Pacific Northwest to Alaska, and which further suggested the termination of the operating authority to Pan American World Airways, Inc. on that route in the interest of public convenience and necessity, the Civil Aeronautics Board issued its Order No. E 18120 on March 19, 1962, instituting a full-scale investigation 'to determine whether the public convenience and necessity require * * * the alteration, amendment, modification, suspension, termination or renewal, in whole or in part, (of the routes of the four carriers serving Alaska)[1] * * * in accordance with the tentative conclusions set forth in the (preliminary) study.' The order directed the participants to show cause why and in what manner the conclusions derived from the study calling for a three-carrier system should be modified.
 
 
 2
 Pan American filed this action for a declaratory judgment in the District Court, claiming that the Board is without statutory authority to terminate its certificate for the Alaska route. The court agreed and enjoined the Board from terminating Pan American's route certificate in the proceeding before the Board, while permitting the investigation to continue with this restriction. Appeals were filed by Alaska Airlines (Appeal No. 17,469), which had intervened in the District Court proceeding, and by the Civil Aeronautics Board (Appeal No. 17,473).
 
 
 3
 Appellants here challenge the District Court's jurisdiction and claim that any attack on the Board's authority or possible action is premature.
 
 
 4
 We have no way of knowing whether the Board will make one of five concededly valid orders out of the six possible alternatives referred to in Order E 18120. Thus we do not have a situation in which any order of the Board would be invalid.[2] Here there is no 'order on (its) face plainly invalid,'[3] but merely the possibility of an invalid order. Unlike the Court in Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772 (1919), we do not yet know what the Board's final determination will be.
 
 
 5
 Pan American claims that Chicago & Southern Air Lines v. Waterman Corp., 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568 (1948), precludes judicial review of a decision of the Civil Aeronautics Board which is subject to Presidential determination; hence it says the doctrine of exhaustion of administrative remedies is inapplicable in this case.[4]
 
 
 6
 Waterman clearly sets down the doctrine that there is to be neither judicial review of appropriate Civil Aeronautics Board decisions prior to their submission to the President nor review of 'such provisions of the order as resulted from Presidential direction.' Id. 333 U.S. at 111, 68 S.Ct. at 436, 92 L.Ed. 568. In that case the Supreme Court was concerned with the merits of the final Presidential determination, and concluded that the merits of the controversy should be withdrawn from judicial scrutiny, for such decision might have been made for reasons of foreign policy, which 'are decisions of a kind for which the Judiciary has neither aptitude, facilities nor responsibility.' Ibid.
 
 
 7
 Whether the President has statutory or constitutional authority to terminate Pan American's route authorization for reasons of public convenience and necessity is quite a different question from the one which faced the Court in Waterman. That case neither settles nor illuminates more than faintly the issues which would face a court reviewing the authority of the Board or the President in this case to terminate Pan American's route authorization.[5] Furthermore, the Government states in its brief that 'a final order by the President terminating appellee's route * * * would be subject to judicial scrutiny on the limited question of whether the President and the Board have exceeded their statutory and constitutional authority.'
 
 
 8
 In view of the uncertainty of the outcome of this proceeding now before the Board, and the further uncertainty that appellee will be denied judicial review of the final Presidential order,[6] we believe judicial determination of the questions presented by appellee at this time is premature. The cumulative speculations of appellee do not now warrant judicial intervention in an orderly administrative process.
 
 
 9
 It follows that the judgment of the District Court is vacated and the cases are remanded for further proceedings not inconsistent with this opinion.
 
 
 10
 So ordered.
 
 
 
 [1]
 Alaska Airlines, Inc., Northwest Airlines, Inc., Pacific Northern Airlines, Inc., and Pan American World Airways, Inc
 
 
 [2]
 Compare Amos Treat & Co. v. Securities & Exchange Commission, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962). See Wolf Corp. v. Securities & Exchange Commission, 115 U.S.App.D.C. , 317 F.2d 139
 
 
 [3]
 Public Utilities Comm'n of Ohio v. United Fuel Gas Co., 317 U.S. 456, 469, 63 S.Ct. 369, 376, 87 L.Ed. 396 (1943)
 
 
 [4]
 See Chambers v. Robertson, 87 U.S.App.D.C. 91, 183 F.2d 144 (1950), rev'd on other grounds, 341 U.S. 37, 71 S.Ct. 547, 95 L.Ed. 726 (1951)
 
 
 [5]
 Compare Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153 (1952). See British Overseas Airways Corp. v. Civil Aeronautics Bd., 113 U.S.App.D.C. 76, 304 F.2d 952 (1962); United States Overseas Air v. Civil Aeronautics Bd., 95 U.S.App.D.C. 363, 222 F.2d 303 (1955); see also Trans World Airlines v. Civil Aeronautics Bd., 184 F.2d 66 (2d Cir., 1950)
 
 
 [6]
 Of course, it is possible that the Board's action will be of a character not requiring submission to the President or the taking of any action on his part