Alma-Marie SMITH, Appellant,

v.

John Foster DULLES, Secretary of State, et al., Appellees.

No. 12957.

United States Court of Appeals District of Columbia Circuit.

Argued May 7, 1956.

Decided July 19, 1956.

Messrs. Charles F. O'Neall and Francis C. Brooke, Washington, D. C., for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., Mr. Lewis Carroll, Asst. U. S. Atty., and Miss Catherine B. Kelly, Asst. U. S. Atty., were on the brief, for appellees.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant, a classified civil service employee, was determined by the Civil Service Commission to have become totally disabled for useful and efficient service and subject to retiremnt on an annuity. In substance, she asked the District Court to order that she be restored to her position, to set aside the Commission order and to grant her a full hearing on any future proceeding, and that the Secretary of State grant her back pay. Without answering the verified complaint, without countering affidavits or otherwise putting in issue appellant's allegations, appellees asked that the complaint be dismissed for failure to state a cause of action upon which relief might be granted and for lack of jurisdiction over the subject matter. The District Court ordered "that defendants' motion to dismiss be and the same is hereby granted."

Appellant mainly contends before us that the District Court erred during oral argument of appellees' motion in going outside the record in considering certain material submitted by government counsel, that her complaint alleging that government officers in bad faith had under-taken to "thwart the statutory protection given civil service employees by the use of untrue findings made in bad faith" is not subject to a motion to dismiss, that, in any event, the Commission had failed to grant to the appellant the full benefits of procedures set up in the Retirement Act,[1] and, moreover, that she was entitled to be heard as of right, to confront adversary witnesses "regardless of the absence of express provisions in the Act."

We note, first, that the Retirement Act makes no provision whatever for the type of hearing claimed by appellant. Even in disciplinary cases, arising under the Lloyd-LaFollette Act, dealing with the drastic removal for cause situations, "No examination of witnesses nor any trial or hearing shall be required * * *."[2] She was not entitled to the hearing she sought.[3]

Turning next to the allegations of "bad faith," appellant's complaint set out that: in 1948 she was given notice "positions comparable to" hers were to be eliminated due to budgetary limitations, but two days later the personnel chief "recanted thereby establishing that the statements in the [notice] were false and fraudulent * * *"; again in 1953 she was notified that duties performed by her were to be dispensed with due to "budget limitations" and that she was to be transferred to assume duties being performed by another employee, but she was never allowed to undertake those duties; and thereafter, as of October 12, 1953, the Medical Director of the United States Civil Service Commission "informed plaintiff the said Department of State had asked that plaintiff be retired on the basis of a finding that plaintiff was totally disabled from rendering useful and efficient service."

A cause of action must be so stated as to contain a short and plain statement of the grounds of the court's jurisdic-

1. Act of May 22, 1920, 41 Stat. 616, as amended 5 U.S.C.A. § 710.
2. Act of Aug. 24, 1912, 37 Stat. 555, as amended 5 U.S.C.A. § 652.

3. Cf. Ellmore v. Brucker, 98 U.S.App.D.C. ——, 236 F.2d 734; Murphy v. Wilson, 98 U.S.App.D.C. ——, 236 F.2d 737.

tion and of the claim, showing that the pleader is entitled to relief.[4] It must appear that the claimant is entitled "to judicial action in vindication of a right or in remedying a wrong."[5] Even assuming that the two abortive notices from the Department of State were given as alleged and that somehow they disclose "bad faith" of a type, if acted upon, giving rise to a claim for salary,[6] no facts are pleaded to indicate that the Department acted upon them in any way. No facts are pleaded to show that the Civil Service Commissioners paid the slightest attention to the notices or that the latter played any part in the Commission's independent determination of appellant's total disability. Surely it cannot seriously be urged that the complaint charged facts to show that the Commission's Medical Director, its Board of Appeals and Review and the Commission itself concertedly acted with the employing department's officials, illegally and in bad faith, to deprive appellant of her position. If appellant complains that the District Judge was asked so to read her complaint and erred in failing or refusing to do so, we answer simply and shortly, there was no error. Appellant would have us go on to say that since, neither by the motion to dismiss nor otherwise, were such allegations controverted, they must be taken to be true. We have already paraphrased what has been set up and have indicated the total inadequacy of her allegations to reach the level of well pleaded facts pointing to the existence of a claim for which relief can be afforded.[7]

The complaint as supplemented by exhibits makes clear, on appellant's next point, that the Civil Service Commission accorded to her the full benefit of the procedures required by Congress. The Civil Service Retirement Act[8] in § 709 expressly directs the Commission to perform, or cause to be performed, any and all acts necessary and proper for the purpose of carrying its provisions into full force and effect. Retirement for total disability, as prescribed in § 710, may be voluntary or involuntary, the latter to be achieved upon the request or order of the employing department. Appellant was advised in a writing dated October 12, 1953, that the Department of State had filed the appropriate application. "It is the responsibility of the Commission to make an unbiased determination as to the validity of your agency's claim," the notice read in part. She was next told that at Commission expense, a thorough examination of her nervous system was to be required in order to settle points at issue. She was subsequently so "examined under the auspices of the Commission Medical Division," her appeal to the Board of Appeals and Review discloses. She submitted therewith certificates from her own psychiatrist and from another physician, after which her appeal was considered by the Board of Appeals and Review, with an adverse determination. Her further appeal to the full Commis-

4. Fed.R.Civ.P. 8(a) (2), 28 U.S.C.A.

5. Gold Seal Co. v. Weeks, 1954, 93 U.S. App.D.C. 249, 256, 209 F.2d 802, 807; cf. United States ex rel. Keefe v. Dulles, 1954, 94 U.S.App.D.C. 381, 222 F.2d 390, certiorari denied, 1955, 348 U.S. 952, 75 S.Ct. 440, 99 L.Ed. 743.

6. Cf. Gadsden v. United States, 1948, 78 F.Supp. 126, 111 Ct.Cl. 487, a "discharge" case involving a claim for back salary; Knotts v. United States, 1954, 121 F.Supp. 630, 128 Ct.Cl. 489.

7. Hammond v. Hull, 1942, 76 U.S.App.D.C. 301, 306–307, 131 F.2d 23, 28–29, certiorari denied, 1943, 318 U.S. 777, 63 S. Ct. 830, 87 L.Ed. 1145; Levine v. Farley, 1939, 70 App.D.C. 381, 385, 107 F. 2d 186, 190, certiorari denied, 1940, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519; Cooper v. O'Connor, 1938, 69 App.D.C. 100, 105, 99 F.2d 135, 140, 118 A.L.R. 1440, certiorari denied, 1938, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414; cf. Levy v. Woods, 1948, 84 U.S.App.D.C. 138, 139, 171 F.2d 145, 146; Dunn v. Ickes, 1940, 72 App.D.C. 325, 115 F.2d 36, certiorari denied, 1940, 311 U.S. 698, 61 S.Ct. 137, 85 L.Ed. 452.

8. Supra note 1.

**742**

sion followed. She recited that in addition to the medical findings of the Retirement Division, the Board had before it the evidence submitted by her, and the Board advised, "after examining the evidence on both sides," that she was suffering from an emotional disturbance.

"The Commissioners here completed a careful study of the entire record in Miss Smith's case including the representations submitted in her behalf. It has been determined * * * that she does not meet the medical standards pertaining [to her position]. As total disability within the meaning of the Retirement Act is established, allowance of the application filed by the Department of State for Miss Smith's retirement is affirmed." So the full Commission advised her counsel.

We have given careful consideration to every mentioned step in its relation to the requirements fixed by Congress. She has had the benefit of every prescription of the Act.

Since her claims have been so earnestly advanced to us, we have meticulously scrutinized every aspect of the case despite the fact that certain points were argued to us which had not been urged upon the Commission.[9] We find open no "avenue" along which this action might proceed to a result favorable to the appellant.[10] "Where there has been a substantial departure from applicable procedures, a misconstruction of governing legislation, or like error going to the heart of the administrative determination, a measure of judicial relief may on occasion be obtainable."[11] Giving to her statement of her claim and her argument every favorable intendment, appellant simply has no case for which relief can be afforded here.

 We would not countenance dispositive action by the trial court depend-

ent upon resort to extrinsic evidence, here a report of a medical examination, not known or made available to appellant, but submitted to the judge during argument. We are satisfied there was no error in the particular complained of, for the colloquy, taken in its entirety, between judge and counsel makes it clear his decision rested on appellant's failure to show that some "statutory right of hers has been violated."[12] We agree that must be so, and our conclusions have been reached and stated without reference to the report.

Affirmed.

---

9. Cf. United States v. L. A. Tucker Truck Lines, 1952, 344 U.S. 33, 36, 73 S.Ct. 67, 97 L.Ed. 54.

10. Cf. Almour v. Pace, 1951, 90 U.S.App. D.C. 63, 66, 193 F.2d 699, 702.

11. Powell v. Brannan, 1952, 91 U.S.App. D.C. 16, 17, 196 F.2d 871, 873; and see Dismuke v. United States, 1936, 297 U.S. 167, 172, 56 S.Ct. 400, 80 L.Ed. 561.

