**John J. MURPHY, Appellant,**

v.

**Charles E. WILSON, Secretary of Defense, et al., Appellees.**

**No. 12905.**

United States Court of Appeals District of Columbia Circuit.

Argued May 7, 1956.

Decided July 12, 1956.

Petition for Rehearing Denied Aug. 6, 1956.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., at the time brief was filed, Lewis Carroll and Joseph M. F. Ryan, Jr., Asst. U. S. Attys., were on the brief, for appellees. Mr. Oliver Gasch, U. S. Atty., also entered an appearance for appellees.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant was involuntarily retired and placed upon an annuity. After exhausting his administrative remedies he sought a mandatory injunction that he be restored to his post in government employment and a declaratory judgment that all proceedings looking to his retirement be adjudged void. Answer having been filed and the case having come on for trial, respective counsel stipulated that the facts are undisputed and that there were only two legal issues involved. The matter was submitted accordingly, and after arguments of counsel, the District Court entered judgment in favor of the appellees, and this appeal followed.

Appellant asserts that as a veterans preference eligible [1] he was entitled to the procedures set forth in § 14 of the Veterans' Preference Act.[2] He also claims that he was entitled to examine the evidence upon which the determination of his total disability was predicated and to a hearing. He is mistaken on both points.

■ Section 14 of the Veterans' Preference Act deals with privileges to be accorded to an eligible veteran when disciplinary action is taken against him. It sets forth specific procedures to be followed before such an employee "shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment * * *." It deals with "such cause as will promote the efficiency of the service * * *." It has nothing whatever to do with his retirement for total disability within the meaning of the Civil Service Retirement Act.[3] In Ellmore v. Brucker,[4] we have had occasion to point out that retirement, whether voluntary or involuntary, is not to be equated with removal from the classified civil service for cause, as provided for in the Lloyd-LaFollette Act.[5] So here; there is no difference in principle.

■ Neither the Retirement Act nor the regulations of the Civil Service Commission make provision for a hearing. In the administration of the Retirement Act, the Commission is not only authorized, but is directed to perform any and all acts for the purpose of effectuating its provisions.[6] Its duty is to make whatever inquiry may be necessary concerning disability,[7] and it may take or cause to be performed whatever other steps are necessary to its determination. Appellant does not challenge the Commission's authority to make such regulations as may be necessary and proper for the purposes of the Act.[8]

Instead, appellant in his brief next tells us he "demanded" that he be given an opportunity to examine any medical evidence in his file before the Board of Appeals and Review and to examine other evidence contained in his file. But both in the trial court and here, his contention with respect to the right to know or to examine the medical evidence in his file is related solely to his claim of a right to a hearing, which, as above noted, he was not entitled to receive under the Act.

There is no error and the judgment of the District Court is

Affirmed.

1. As defined in Section 2 of the Veterans' Preference Act, approved June 27, 1944, 58 Stat. 387, 5 U.S.C.A. § 851.

2. 5 U.S.C.A. § 863.

3. Act of May 22, 1920, 41 Stat. 614, as amended, 5 U.S.C.A. §§ 691–740, in particular § 710 thereof.

4. 98 U.S.App.D.C. —, 236 F.2d 734.

5. Act of Aug. 24, 1912, 37 Stat. 555, as amended, 5 U.S.C.A. § 652.

6. 5 U.S.C.A. § 709.

7. Cf. Robertson v. Chambers, 1951, 341 U.S. 37, 39, 71 S.Ct. 547, 95 L.Ed. 726.

8. 5 U.S.C.A. § 709.