Winant S. ELLMORE, Appellant,

v.

Wilber M. BRUCKER, Secretary, Department of Army, et al., Appellees.

No. 12855.

United States Court of Appeals District of Columbia Circuit.

Argued May 7, 1956.

Decided July 12, 1956.

Petition for Rehearing Denied Aug. 10, 1956.

Mr. Lowry N. Coe, Washington, D. C., with whom Mr. James S. Brocard, Washington, D. C., was on the brief, for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., at the time brief was filed, Lewis Carroll and Joseph M. F. Ryan, Jr., Asst. U. S. Attys., were on the brief, for appellees. Mr. Oliver Gasch, U. S. Atty., also entered an appearance for appellees.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant sought a declaratory judgment that his involuntary retirement for total disability is invalid, and he asked to be restored to his post, with back pay.

The District Court granted appellees' motion to dismiss for failure of the complaint to state a cause of action for which relief may be granted, and this appeal followed.

■ Appellant claims his involuntary retirement because he was found "totally disabled for useful and efficient service" as set forth in the Civil Service Retirement Act[1] is tantamount to a dismissal which could properly have been effectuated only in accordance with Section 6 of the Lloyd-LaFollette Act.[2] The latter deals in terms with removal or suspension "for such cause as will promote the efficiency" of the service. An employee who has been placed on an annuity because of medical disability has not been "removed or suspended without pay" and for "cause" within the meaning of the disciplinary provisions of the Lloyd-LaFollette Act. The two statutes clearly serve different purposes, and are independently operative in their respective fields. The complaint demonstrates that appellant received medical examinations under the auspices of the Department of the Army as well as the Retirement Division of the Civil Service Commission after which his case was reviewed by the Board of Appeals and Review of the Civil Service Commission and finally by the Civil Service Commissioners. He had the benefit of all appropriate procedures.

■ Even so, his complaint says, he has never been advised "as to whether or not the medical evidence upon which he was retired was based on physical or mental grounds" and he has "been denied all access to the file in his case." No prejudice has been demonstrated. Annexed to and made a part of the motion of the appellees, served upon appellant, was the certified file of the Department of the Army, examination of which discloses certain medical reports and various memoranda containing his own descriptions of his condition and of episodes known to him. His awareness of his problem cannot be doubted.

1. Act of May 22, 1920, 41 Stat. 616, as amended 5 U.S.C.A. § 710.

2. Act of Aug. 24, 1912, 37 Stat. 555, as amended 5 U.S.C.A. § 652.

■ Whether that be so or not, he is accorded by the pertinent Civil Service Regulation[3] no right to have "access" to the files. Thus he complains. The brief tells us that "on the strength of this regulation" appellant has never been informed of the evidence which formed the basis of the determination of his total disability, and therefore a regulation which purports to authorize withholding of such information is "clearly arbitrary." It is enough to say that Congress has not required disclosure of the medical basis for retirement, and, as we noted, appellant has had the benefits of the procedures prescribed by the Act. We must assume that when the Commission by its regulations has authorized certain protections, both for the Government and for the employee, it will accord to a claimant whatever benefits the regulations, properly administered, will permit. Certainly the Commission is not authorized to adopt necessary regulations, only thereafter arbitrarily to deny to a claimant the privileges so prescribed. To the extent that the regulations apply to his claim, he does not allege that the Commission did not do what the regulations authorized it to do. He does not say that the Medical Division was not authorized to determine that disclosure of information to be injurious to the physical or mental welfare of the appellant. The claimant really has been arguing for a full hearing to which he is not entitled. It is clear the Commission's files are "deemed confidential and privileged," and not to be disclosed except under named conditions.

■■ We are not called upon to decide the point, but at most he was entitled to "information from the files," and then only when the Medical Division made determination that such disclosure would not be injurious to the physical or mental health of the appellant. Where such a regulation has been validly adopted by the Commission, "the presumption of the existence of facts justifying its specific exercise attaches,"[4] and we have no doubt that such was the situation here. It is not even argued that the Commission lacks authority to make such rules and regulations as may be necessary[5] to carry out the provisions of the Act. Rather it is suggested appellant may be "handicapped by not being able to explain to a prospective employer the nature of the disability for which he was retired." Apart from a lack of showing that any such contingency has developed or that appellant was injured as a result, a medical examination for the benefit of the Government as well as of appellant is not a quasi-judicial hearing.[6] "These hearings are not contests; they are inquiries concerning disability. The purpose is to get at the truth of the matter."[7] The Medical Division, for all we are shown, might well have determined that disclosure of confidential medical information could not have enhanced the mental welfare of the appellant. We may assume that disclosure of adverse information concerning his mental condition or of episodic details of his physical condition would not necessarily remove the potential handicap anticipated by the appellant.[8]

■ Appellant's complaint shows he submitted as evidence letters from three physicians in whose opinion he "is not suffering from a type or degree of physical or mental disability which would prevent him from carrying out the duties" of his job. But if the Commission appraised the evidence otherwise, we are not at liberty on the showing here proffered to go behind its conclusion.[9] Our function in

3. 5 C.F.R. 29.11(a) (1) and (2); cf. id. (7) and (11) (1949).
4. Pacific States Co. v. White, 1935, 296 U.S. 176, 186, 56 S.Ct. 159, 163, 80 L.Ed. 138.
5. 5 U.S.C.A. § 709.
6. Cf. Bailey v. Richardson, 1950, 86 U.S. App.D.C. 248, 259, 182 F.2d 46, 57, affirmed, 1951, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352.

7. Robertson v. Chambers, 1951, 341 U.S. 37, 39, 71 S.Ct. 547, 548, 95 L.Ed. 726.
8. We purposefully refrain from appending verbatim references to the medical reports to be found in the certified file of the Department of the Army.
9. Kohlberg v. Gray, 1953, 93 U.S.App.D.C. 97, 207 F.2d 35, certiorari denied, 1954, 346 U.S. 937, 74 S.Ct. 377, 98 L.Ed. 425; cf. Dismuke v. United States, 1936,

this type of case is narrow, indeed, as the authorities make clear. "But the things required by law and regulations were done, and the discretion of the authorized officers was exercised as required by law. It is settled that in such cases the action of executive officers is not subject to revision in the courts." [10]

We are satisfied that there has been no error affecting appellant's rights.

Affirmed.

FAHY, Circuit Judge, concurs in the result.

297 U.S. 167, 172, 56 S.Ct. 400, 80 L.Ed. 561; Powell v. Brannan, 1952, 91 U.S. App.D.C. 16, 196 F.2d 871.

10. Eberlein v. United States, 1921, 257 U.S. 82, 84, 42 S.Ct. 12, 66 L.Ed. 140.