Sidney E. ROSENBLUM

v.

UNITED STATES CIVIL SERVICE COM-MISSION, Federal Housing Admin-istration, et al.

Civ. A. No. 63-1065.

United States District Court
W. D. Pennsylvania.

Dec. 17, 1963.

Donald B. Heard, Pittsburgh, Pa., for plaintiff.

David G. Hill, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This action for injunctive relief against various federal agencies and officials of said agencies is brought by the director of the Pittsburgh office of the Federal Housing Administration who has been notified that his services were to be terminated December 6, 1963, on the basis of a disability retirement. On the presentment of the petition, the Court granted a temporary restraining order and, after a full and complete hearing, consideration of the complete record which has been stipulated by counsel and the evaluation of arguments of counsel, it is the considered judgment of the Court that the plaintiff, Sidney E. Rosenblum, is not entitled to a preliminary injunction restraining his removal as Director of the Pittsburgh Insuring Office of the Federal Housing Administration (hereinafter referred to as FHA).

A most meticulous and careful review of the record requires the conclusion that an opportunity has been afforded the

plaintiff to present testimony as to the physical condition of the plaintiff's eyes and, unquestionably, substantial evidence exists to support the conclusion that the vision is so impaired that nothing can be read, seen or evaluated by the plaintiff and he must rely on an aid or an informer as to all and any matters that require visual impression, absorption or evaluation.

Furthermore, substantial evidence appears in the record to support the conclusion of the Civil Service Commission, reached after consideration of the duties of the plaintiff, his impaired eyesight and his representations to the Commission, that he was totally disabled for useful and efficient service in his position.

■ Plaintiff bases his request for a preliminary injunction, in essence, on the refusal of the Civil Service Commission (hereinafter referred to as CSC or the Commission) to give him a judicial or quasi-judicial hearing with the right, *inter alia,* to introduce evidence, cross-examine witnesses and confront his accusers. In addition, it appears that the statements supplied to the Civil Service Commission by his superiors were not under oath and may have been based on hearsay information. It is the considered opinion of the Court that the procedure followed by the Civil Service Commission in this proceeding, including the use of statements not made under oath, does not violate the federal constitution. See Smith v. Dulles, 99 U.S.App.D.C. 6, 236 F.2d 739 (1956); Murphy v. Wilson, 99 U.S.App.D.C. 4, 236 F.2d 737 (1956); Ellmore v. Brucker, 99 U.S. App.D.C. 1, 236 F.2d 734 (1956).

Some attempt is made by the plaintiff to contend that the provisions of applicable federal statutes or regulations have not been met.

■ More specifically, plaintiff contends that the adjudication of total disability was based entirely on a Report of Examination of the plaintiff, in contravention of Chapter R–5–40 of the Federal Personnel Manual implementing

the Civil Service Retirement Act of 1956. The September 16, 1963, letter to plaintiff indicates that other factors were considered and, therefore, the Court concludes that the adjudication was not based entirely on the Report of Examination of plaintiff.

■ Also, plaintiff contends that he has not been supplied with the facts on which the CSC based its decision as required by the applicable regulations. The Court finds that the medical facts on which the decision was based were supplied to a doctor of the plaintiff's choice and that, while some conditions on divulging information to plaintiff and his counsel were imposed, these were subsequently removed and said doctor was permitted to discuss with plaintiff and his counsel such part of the medical report as his professional judgment dictates.

Accordingly, the Court concludes that the separation from service of plaintiff by the Civil Service Commission meets all federal constitutional, statutory and regulatory standards.

In addition to the following Findings of Fact and Conclusions of Law, the Court adopts statements of fact and conclusions of law expressed in this Opinion as further Findings of Fact and Conclusions of Law required by the Federal Rules of Civil Procedure, Rule 52.

## FINDINGS OF FACT

1. Plaintiff, a preference eligible, entered the civilian service of the United States on August 8, 1955, under an appointment excepted from the civil service rules and regulations in the position of Director, Pittsburgh Insuring Office of the Federal Housing Administration. In 1959, he was converted to competitive status—an action which granted him certain rights under the civil service laws and regulations.

2. On February 13, 1963, at the request of his employing agency, plaintiff underwent a physical examination at the United States Public Health Service Outpatient Clinic at Pittsburgh, Penn-

sylvania, and the report of his examination was in due course transmitted to the employing activity.

3. On April 5, 1963, the Federal Housing Administration filed with the Civil Service Commission an application for plaintiff's retirement on account of disability, together with a copy of the report of medical examination of February 13, 1963, and other related documents. On April 17, 1963, a notice was issued to the plaintiff by Wilmer R. Haack, Chief of the Adjudicating Section, Claims Division, Bureau of Retirement and Insurance, informing the plaintiff that the application for his retirement on account of disability had been approved upon a finding that he was totally disabled for useful and efficient service in the position of Director, Pittsburgh Insuring Office, Federal Housing Administration, and that he should be retired on an annuity. The same notice advised plaintiff that he had a right to appeal from that decision.

4. At the request of the plaintiff, on April 26, 1963, a report of the medical examination conducted by the Public Health Service was transmitted to Irving S. Goldman, M.D., designated by plaintiff for the purpose of receiving this report.

5. On April 27, 1963, an appeal on behalf of the plaintiff was received by the Commission. In the letter of appeal plaintiff, through counsel, inquired about the opportunity for hearing and cross-examination of witnesses. Thereafter, on several occasions plaintiff submitted evidence, including medical evidence, relating to the question of his disability. On May 22, 1963, after review of the evidence of record, Melvin T. Johnson, M.D., Medical Director, Bureau of Retirement and Insurance, advised plaintiff by letter that the initial decision was affirmed and that the case was being referred to the Commission's Board of Appeals and Review for further action on his appeal.

6. Additional evidence was submitted by the plaintiff to the Board of Appeals and Review and the case was referred to the Civil Service Commissioners. On September 16, 1963, the decision of the Commissioners affirmed the previous finding of total disability attributable to defective eyesight. Upon request for reconsideration the Commissioners on November 21, 1963, informed the plaintiff that the previous decisions would stand.

7. On December 2, 1963, the Federal Housing Administration was notified of the final decision of the Commission and was advised that the plaintiff could be separated for retirement.

8. The Civil Service Commission complied with all procedural requirements of the Civil Service Retirement Act and applicable regulations.

9. The Commission has complied with its own regulations governing the disclosure of medical evidence to employees in disability retirement cases.

10. The action of the Civil Service Commission was not arbitrary or capricious.

11. The adjudication of total disability was not based entirely on a Report of Examination of Plaintiff, in contravention of Chapter R–5–40 of the Federal Personnel Manual implementing the Civil Service Retirement Act of 1956.

12. Plaintiff has been supplied with the facts on which the CSC based its decision in contravention of applicable regulation.

13 CSC has made a finding of "disability" as that term has been defined by law.

14. CSC has not ignored the statutory provisions concerning readers which can be supplied for blind public servants.

15. By regulations of the Civil Service Commission, issued in October, 1963, plaintiff herein is not entitled to a full and fair hearing, as a matter of right, on all controverted issues of fact.

16. The Commission has not abused its discretion in denying plaintiff a full and fair hearing at each stage of the administrative action.

17. The entire involuntary retirement proceedings have not been arbi-

trary and capricious and in contravention of the law.

18. An adequate remedy at law is available by means of a petition for writ of mandamus wherein plaintiff could be restored to his position and eventually receive any back pay due him.

19. Plaintiff will not suffer irreparable injury and harm if he is denied injunctive relief.

20. There is evidence in the record to support the finding of the Commission as to the impaired eyesight of the plaintiff.

21. There is evidence in the record to support the finding of the Commission that plaintiff is totally disabled for useful and efficient service in his position.

22. All federal constitutional, statutory and regulatory standards have been met.

## CONCLUSIONS OF LAW

1. The Civil Service Commission complied with all procedural requirements of the Civil Service Retirement Act and applicable regulations.

2. The Commission has complied with its own regulations governing the disclosure of medical evidence to employees in disability retirement cases.

3. The action of the Civil Service Commission was not arbitrary or capricious.

4. CSC has made a finding of "disability" as that term has been defined by law.

5. CSC has not ignored the statutory provisions concerning readers which can be supplied for blind public servants.

6. By regulations of the Civil Service Commission, issued in October, 1963, plaintiff herein is not entitled to a full and fair hearing, as a matter of right, on all controverted issues of fact.

7. The Commission has not abused its discretion in denying plaintiff a full and fair hearing at each stage of the administrative action.

8. The entire involuntary retirement proceedings have not been arbitrary and

capricious and in contravention of the law.

## ORDER

And now, to wit, this 17th day of December, 1963, after a full hearing on plaintiff's Motion for Order Pursuant to Section 1361 and Motion for Temporary Restraining Order, it is hereby ordered, adjudged and decreed that the restraining order imposed on December 6, 1963 be and the same is hereby dissolved, and that plaintiff's Motion for a Preliminary Injunction and Mandamus Directing a Hearing Before the Civil Service Commission, is denied.