**Louis F. CERRANO, Plaintiff,**

v.

**Lawrence FLEISHMAN, as Supervising Customs Agent, Region 1, Bureau of Customs, United States Treasury Department, John W. Macy, Jr., as Chairman and L. J. Andolsek and Robert E. Hampton, as Commissioners, constituting the United States Civil Service Commission, Defendants.**

**No. 63–C–795.**

United States District Court
E. D. New York.

Jan. 15, 1964.

Morris Weissberg, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. New York, for defendants; Vincent T. McCarthy, Chief Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

The parties to this action move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff instituted this action, pursuant to 28 U.S.C. § 1361 in the nature of mandamus to review and annul the determination of the United States Civil Service Commission, retiring the plaintiff from his position in the Customs Service. The complaint in substance alleges that the plaintiff is an honorably discharged veteran; that he entered Federal employment as a Customs Enforcement Officer and subsequently acquired permanent civil service status in this position; that an official of the Bureau of Customs made application to the Civil Service Commission for the involuntary retirement of the plaintiff; that the Bureau of Retirement and Insurance granted said application and on February 6, 1963 notified the employee in writing of his involuntary retirement due to his total disability; that on March 4, 1963, the employee appealed to the United States Civil Service Commission and on June 19, 1963 this Commission affirmed the determination.

The facts, briefly stated, establish that the employee after undergoing medical examination was found suffering from a mental condition. The medical examiners concluded that it would be unwise for the employee to continue in his present position, which required the carrying of a firearm. Accordingly the employee was considered totally disabled for useful and efficient service in the grade or class of position last occupied by the employee, pursuant to 5 U.S.C. § 2251(g). The applicable disability retirement statute is 5 U.S.C. § 2257. The interpretation of these statutes is in dispute. The employee argues that the Commission must find him disabled for service in all other positions in the same grade or class whether or not such position requires the carrying of a firearm. The contention is untenable. The statute 5 U.S.C. § 2251(g) reads in part:

"'The terms 'disabled' and 'disability' shall mean totally disabled for useful and efficient service in the grade or class of position last occupied by the employee * * *."

It is settled law that administrative interpretations of statutes are entitled to great weight. In Gray v. Powell, 314 U.S. 402, at page 412, 62 S.Ct. 326, 333, 86 L.Ed. 301, the Court held in part:

"Where, as here, a determination has been left to an administrative body, this delegation will be respected and the administrative conclusion left untouched. * * * It is not the province of a court to absorb the administrative functions to such an extent that the executive or legislative agencies become mere fact-finding bodies deprived of the advantages of prompt and definite action."

In Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247, the Court said:

"We agree with the District Judge that '[i]f there is a rational basis for the conclusions reached by the administrative agency and if all requirements of law are complied with, the Court may not step in and substitute its own judgment for that of the administrative agency,' and that there was such basis here." See cases cited thereunder.

See also Keim v. United States, 1900, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; United States ex rel. Taylor v. Taft, 1904, 24 App.D.C. 95, 98 and Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29.

The Court has carefully considered all points and arguments urged by the parties and finds no error or failure to comply with the applicable statutory rules and regulations.

The plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted.

Settle order and decree on notice.