339 F.2d 929
 Louis F. CERRANO, Plaintiff-Appellant,
v.
Lawrence FLEISHMAN, as Supervising Customs Agent, Region 1,
Bureau of Customs, United States Treasury Department, John
W. Macy, Jr., as Chairman, and A. J.Andolsek and Robert E.
Hampton as Commissioners constituting the United
StatesCivilService Commission, Defendants-Respondents.
 No. 73, Docket 28833.
 United States Court of Appeals Second Circuit.
 Argued Oct. 20, 1964.
Decided Dec. 28, 1964.
 
 Louis F. Cerrano, pro se.
 Edward Berlin, Department of Justice, Washington, D.C. (John W. Douglas, Asst. Atty. Gen., Joseph P. Hoey, U.S. Atty., Eastern District of New York, Morton Hollander, Atty., Dept. of Justice, Washington, D.C., on the brief), for defendants-respondents.
 Before FRIENDLY, KAUFMAN and ANDERSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 On October 2, 1962, the Bureau of Customs filed with the Civil Service Commission an application for the involuntary retirement of the appellant, Louis F. Cerrano, because of his disability. This action was taken pursuant to the provisions of the statute, 41 Stat. 614, as amended, 5 U.S.C. 2257(a), the pertinent portion of which is as follows:
 
 
 2
 'Any employee who completes five years of civilian service and who is found by the Commission to have become disabled shall, upon his own application or upon application by his department or agency, be retired on an annuity computed as provided in section 2259 of this title * * *.'
 
 
 3
 The appellant, after five years employment in the Customs Service, held the position of Customs Enforcement Officer. His grade was GS-5. The Commission, after having Cerrano examined under the direction of its own medical director and by the United States Public Health Service, and after having studied the medical and psychiatric reports submitted by these officials, made a preliminary finding that Cerrano was, as a result of a mental condition, totally disabled for useful and efficient service in the position he then held. The appellant was given an opportunity to offer evidence in rebuttal, and he submitted the reports of two doctors of his own who found him to be 'physically fit for work.' The Commission ruled that Cerrano be retired for disability. He appealed to the Commission's Board of Appeals and Review which considered the case, with the addition of a report of an examination, made at appellant's request, by the Veterans Administration Clinic at Brooklyn, New York. The Commission's order of retirement and the allowance of a disability annuity were affirmed by the Board. The appellant then instituted the present action in the District Court. The appellees, Fleishman, Supervising Customs Agent, et al., filed a motion for summary judgment which was granted. It is from this judgment that Cerrano appeals. We affirm.
 
 
 4
 The errors assigned both in the court below and on this appeal are that the Commission reached its conclusions on insufficient evidence and without considering all of the medical evidence available and that appellant was given no opportunity to see or hear the medical reports received by the Commission nor was he afforded a hearing as a veteran under the 'Veterans' Preference Act,' 5 U.S.C. 851 et seq. The Commission's decision on the question of disability is, in the words of the statute, 'final and conclusive and shall not be subject to review,' 5 U.S.C. 2266(c). The Commission is not required to hold a hearing, and the regulations, which are not here questioned, provide for the submission to the employee's own physician the kind of evidence sought by the appellant, which concerned appellant's mental condition. The evidence was, in fact, disclosed to Cerrano's physician, Dr. Gold, Cerrano was not entitled to a hearing under the Veterans' Preference Act. Murphy v. Wilson, 99 U.S.App.D.C. 4, et al., 236 F.2d 737 (1956). The evidential matter used and the Commission's method of receiving it, as well as the conclusions reached, were clearly within the area of its exclusive authority and cannot be disturbed. Ellmore v. Brucker, et al., 99 U.S.App.D.C. 1, 236 F.2d 734, 736 (1956), cert. denied, 352 U.S. 955, 77 S.Ct. 329, 1 L.Ed.2d 244 (1956).
 
 
 5
 The appellant also argues that the Commission erred in retiring him involuntarily for disability without first having found that he was disabled for service in other positions in the same grade or class. The statutory definition of disability is as follows:
 
 
 6
 'The terms 'disabled' and 'disability' shall mean totally disabled for useful and efficient service in the grade or class of position last occupied by the employee or Member by reason of disease or injury not due to vicious habits, intemperance, or willful misconduct on his part within the five years next prior to becoming so disabled.' 5 U.S.C. 2251(g).
 
 
 7
 While the meaning of the phrase 'in the grade or class' is not entirely free from ambiguity, it is fairly certain that Congress did not intend it to mean what the appellant says it means, i.e. that the Commission, before retiring Cerrano for disability, must search the entire galaxy of Civil Service jobs, either in the same grade or in the same class, to determine whether or not there was some such position between Alaska and Florida or Hawaii and Maine, which the appellant, in spite of his disability, could fill. Instead of thus broadening the conditions precedent to retirement for disability, the purpose of modifying the word 'position' by the phrase 'in the grade or class of position last occupied' was undoubtedly to narrow it. These words of qualification are necessary, because a particular position might fall into different pay grades, depending on merit or longevity, and 'class' could include a variety of jobs having different subject matters of work. By narrowing the term 'position,' Congress intended to make it clear that the Commission, in retiring an employee, need not search for a similar but less onerous job in another pay grade or class which the employee for a time might fill, and that it is sufficient that the employee is unable, because of disability, to perform useful and efficient service in the specific position which he occupies at the time application is made for his retirement.
 
 
 8
 The same definition of 'disabled' or 'disability' applies to the case of an employee who has, himself, voluntarily applied for retirement. If the appellant's interpretation of 'in the grade or class of position' were to govern, every voluntary applicant, before his petition could be granted, would have the burden of showing that he was unable to perform any of the jobs which for administrative convenience are put in the same grade or class and in which, at the time, there might be an opening. We do not ascribe to Congress the intention of encumbering the Civil Service Retirement System with any such requirement. On the contrary, we conclude that the inclusion of the words 'grade or class' was designed to eliminate obstacles to disability retirement and not to create them.
 
 
 9
 The judgment of the district court is affirmed.