Willie H. CANTRELL, Plaintiff,

v.

The UNITED STATES, C. Douglas Dillon, Secretary of Treasury, Mortimer M. Caplin, Commissioner of Internal Revenue, John W. Macy, Jr., Chairman, and Frederick J. Lawton and Robert E. Hampton, Members U. S. Civil Service Commission, Defendants.

Civ. A. No. 4464.

United States District Court
W. D. South Carolina,
Greenville Division.

May 5, 1965.

Willie H. Cantrell, pro se.

John C. Williams, U. S. Atty., James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for defendants.

SIMONS, District Judge.

Summons and complaint in the above matter was filed December 23, 1963. It appears from the record that, on April 7, 1952, while plaintiff was employed by the Internal Revenue Service, he sustained certain personal injuries in the course of his employment. As a result of the said injuries he was examined by the Civil Service Commission, adjudged to be totally disabled to perform his regular duties, and was involuntarily discharged from his employment in August 1957. He was subsequently examined by the Federal Employment Compensation Bureau for the purpose of establishing extent of his disability in order to compute his monthly retirement income. The Federal Employment Compensation Bureau determined plaintiff to be only 50 percent disabled, which was later increased to 61 percent.[1]

In his complaint plaintiff alleges that he should have been examined pursuant to the provisions of Ch. 15, Title 5 U.S. C.,[2] to decide the extent of his disability caused by personal injuries, and that the Civil Service Commission under Chapter 30, Title 5 U.S.C. [Civil Service Retirement Act] was without authority to determine the extent of his disability, thereby rendering his involuntary retirement unlawful, as provided in Section 652 of Title 5 U.S.C.

In his prayer plaintiff asks that his discharge be cancelled, that he be reinstated in his regular employment, and that he receive back pay from August 1957, including all raises and increases from date of his separation.

The action is brought pursuant to Section 1009 of Chapter 19, Title 5 U.S.C.[3]

Plaintiff filed motion for summary judgment on January 20, 1964, alleging essentially that the Civil Service Commission was without authority to determine his disability. On February 27, 1964, defendant filed amended motion to dismiss, or in the alternative for summary judgment, upon grounds that: [1] plaintiff has failed to allege any grounds for relief on which the court should act in reviewing the administrative determination in this case; and that plaintiff's request for relief under section 652 of Title 5 U.S.C. should be denied because plaintiff was not dismissed without pay; [2] laches on part of plaintiff in testing his removal; and [3] privilege as to money damages against defendants Dillon and Caplin.[4]

Motion for summary judgment was heard by the court with only counsel for

---

1. Since this determination plaintiff has been drawing monthly retirement income.

2. This chapter provides for compensation for injuries to employees of the United States.

3. § 1009 provides for judicial review of agency action, erroneously cited as Chapter 12 in plaintiff's complaint.

4. Defendant's other grounds set out in the amended motion were withdrawn at time of hearing.

defendant appearing to present oral argument.[5]

■ Court scrutiny in disability retirement cases is limited to instances in which there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error which goes to the heart of the administrative determination. See Ellmore v. Brucker, 99 U.S.App.D.C. 1, 236 F.2d 734, cert. den. 352 U.S. 955, 77 S.Ct. 329, 1 L.Ed.2d 244 [1956]; Murphy v. Wilson, 99 U.S.App. D.C. 4, 236 F.2d 737 [1956]; Smith v. Dulles, 99 U.S.App.D.C. 6, 236 F.2d 739, cert. den. 352 U.S. 955, 77 S.Ct. 329, 1 L.Ed.2d 244 [1956].

However, in this case plaintiff does not ask the court to review any of the proceedings by the Civil Service Commission in determining his disability. The issue before the court here is whether the Civil Service Commission, under the provisions of the Civil Service Retirement Act [Chapter 30, Title 5 U.S.C.], had authority to examine plaintiff to determine the extent of his disability, or whether this function was exclusively within the authority of the Employee's Compensation Bureau, under the provisions of Chapter 15 of Title 5 U.S.C., since plaintiff's disability was the result of personal injuries received in the course of his employment.

Section 2257(a), Chapter 30, Title 5 U.S.C., provides, in part, that:

"Any employee who completes five years of civilian service and *who is found by the Commission* [emphasis ours] [United States Civil Service Commission] to have become disabled shall, upon his own application or upon application by his department or agency, be retired * * *."

Section 2251(g), Chapter 30, Title 5 U.S.C., provides:

"The terms 'disabled' and 'disability' shall mean totally disabled for useful and efficient service in the grade or class of position last occupied by the employee or Member by reason of disease or injury not due to vicious habits, intemperance, or willful misconduct on his part within the five years next prior to becoming so disabled." [6]

■ Thus, it is inescapable that the Congressional intent is that the Civil Service Commission determine whether an employee is totally disabled for further useful service. Plaintiff's contentions in this regard are, therefore, untenable. The Commission's determination as to the extent of his disability within the meaning of the Civil Service Retirement Act is expressly authorized by statute, and such determination is final, conclusive, and binding on this court.

■ It is also well settled that an involuntary retirement under the provisions of the Civil Service Retirement Act is not tantamount to a dismissal, and that the retired employee has not been "removed or suspended without pay" within the meaning of Section 652, Title 5, U.S. C.[7] Ellmore v. Brucker, supra.

It is therefore ordered that plaintiff's motion for summary judgment be denied, and defendant's motion to dismiss plaintiff's complaint be, and it hereby is, granted.

It is further ordered that each party pay his own costs.

5. In letter to court dated March 9, 1965, plaintiff waived oral argument, and agreed that the matter be decided on the record before the court.

6. It has been held that the Civil Service Commission does not have to find an employee "disabled" for service in all other positions in the same grade or class before he can be involuntarily retired. See Cerrano v. Fleishman, 225 F.Supp. 761 [E.D.N.Y.1964].

7. Section 652 of Title 5, U.S.C., provides for removal without pay from classified civil service only for cause.