Amelia E. MATRICCIANA

v.

Robert E. HAMPTON, Chairman U. S. Civil Service Commission.

Civ. No. K–75–986.

United States District Court, D. Maryland.

April 28, 1976.

Bernard J. Sevel, Howard K. Kurman, Baltimore, Md., for plaintiff.

Jervis S. Finney, U. S. Atty., Daniel M. Clements, Asst. U. S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

Plaintiff, an employee of the Social Security Administration, seeks review of the adverse decision of the Civil Service Commission that she is not totally disabled because of diminished eyesight and that she is not entitled to disability retirement benefits. Jurisdiction is present in this case pursuant to 5 U.S.C. § 702. While the issue of whether or not that section confers an independent federal jurisdictional base has not yet been determined by the Supreme Court of the United States, see Tooahnippah v. Hickel, 397 U.S. 598, 604 n.8, 90 S.Ct. 1316, 25 L.Ed.2d 600 (1970), there are strong indications in several decisions of the Fourth Circuit that that statute does provide an independent jurisdictional base. See Littell v. Morton, 445 F.2d 1207 (4th Cir. 1971); McEachern v. United States, 321 F.2d 31 (4th Cir. 1963). See also Ortego v. Weinberger, 516 F.2d 1005 (5th Cir. 1975).

■ The Government contends that even assuming arguendo that jurisdiction is present pursuant to 5 U.S.C. § 702, nevertheless, court review in this case is completely barred by the provisions of 5 U.S.C. § 8347(c).[1] This Court disagrees. However, this Court is of the opinion that any review which this Court is empowered to make in a case of this type is exceedingly narrow and is limited to whether " 'there has been a substantial departure from applicable procedures, a misconstruction of governing legislation, or like error going to the heart of the administrative determination * * *.' " Smith v. Dulles, 99 U.S. App.D.C. 6, 236 F.2d 739, 742, cert. denied, 352 U.S. 955, 77 S.Ct. 329, 1 L.Ed.2d 244 (1956), quoting from Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871, 873 (1952); see also Scroggins v. United States, 397 F.2d 295, 297, 184 Ct.Cl. 530, cert. denied, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1908); Gaines v. United States, 158 Ct.Cl. 497, 502 (1968).[2]

■ 5 U.S.C. § 8331(6) provides in pertinent part as follows:

(6) "disabled" and "disability" mean totally disabled or total disability, respectively, for useful and efficient service in the grade or class of position last occupied by the employee or Member because of disease or injury not due to vicious habits, intemperance, or willful misconduct on his part within 5 years before becoming so disabled * * *."

That section has been discussed in Cerrano v. Fleishman, 339 F.2d 929 (2d Cir. 1964), in the context of a controversy brought about by the decision of a governmental agency to require the retirement of an employee of that agency whom the Government as employer considered disabled. Therein, the Court, construing the same language in a precursor of section 8331(6), wrote (at 931):

While the meaning of the phrase "in the grade or class" is not entirely free from ambiguity, it is fairly certain that Congress did not intend it to mean what the appellant says it means, i. e. that the

---

1. Counsel for plaintiff submitted a memorandum to this Court in which they reported on their exhaustive search of the legislative history of 5 U.S.C. § 8347(c). Counsel were unable to discover any specific explanation of the purpose of that provision in the legislative history.

2. The Government has not raised the defense of sovereign immunity. However, sovereign immunity, even if asserted, would not seem applicable herein since a judgment adverse to the Government would hardly cause the Civil Service Commission to be "stopped in its tracks". See Littell v. Morton, supra, 445 F.2d 1207 at 1214 (4 Cir.), quoting from Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 704, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

Commission, before retiring Cerrano for disability, must search the entire galaxy of Civil Service jobs, either in the same grade or in the same class, to determine whether or not there was some such position between Alaska and Florida or Hawaii and Maine, which the appellant, in spite of his disability, could fill. Instead of thus broadening the conditions precedent to retirement for disability, the purpose of modifying the word "position" by the phrase "in the grade or class of position last occupied" was undoubtedly to narrow it. These words of qualification are necessary, because a particular position might fall into different pay grades, depending on merit or longevity, and "class" could include a variety of jobs having different subject matters of work. By narrowing the term "position," Congress intended to make it clear that the Commission, in retiring an employee, need not search for a similar but less onerous job in another pay grade or class which the employee for a time might fill, and that it is sufficient that the employee is unable, because of disability, to perform useful and efficient service in the specific position which he occupies at the time application is made for his retirement.

Whether that construction of the language of section 8331(6) is applicable in a factual situation in which the employee is claiming entitlement to retirement as a result of physical disability presents an issue in connection with which this Court and counsel have not been able to discover any controlling case law and in connection with which the record, as to procedures and practices followed by the Government as employer, is silent. Accordingly, within the context of the review tests set forth in *Smith v. Dulles, supra,* it is not possible for this Court to determine whether there has been a substantial departure from applicable procedures since this Court does not know what procedures govern in a case such as the instant one. To be more specific the question arises as to whether or not under the statute a person in the position of plaintiff must not only be unable to perform the duties of her current position but must also be unable to perform duties in a position within the same "grade or class". *Cerrano, supra* at 931. A corollary question is whether there are any procedures and practices pursuant to which the Government offers to an employee who is unable to perform the duties of her current position the opportunity to work in a comparable position of the same grade or class.

For the same reasons that this Court is unable to determine whether there has been a substantial departure from practices and procedures, this Court is unable to determine at this time whether there has been "a misconstruction of governing legislation". As to whether there has been "error going to the heart of the administrative determination", this Court does not have to consider that question at this time in this case in view of the fact that it believes that it is required to remand for further administrative procedures because of the reasons discussed *supra.* However, if that were not the case, this Court would be required to determine whether the conclusory nature of Dr. Eck's opinion [3] that the claimant, even with only monocular vision, can perform the duties of her current position is so unsupported by any findings of underlying facts or any statements of reasons for his opinion as to constitute insufficient evidence, even within the narrow review test present in this case, and as to constitute "error going to the heart of the administrative determination". In any event, on remand, this Court believes that the administrative agency should require specific underlying supporting factual or opinion evidence before it accords the type of weight which it has accorded in this case to Dr. Eck's opinion.

This Court has considered the possibility of addressing some of the questions posed in this opinion to the administrative agency

---

3. Dr. Eck is the Medical Director of the Bureau of Retirement, Insurance, and Occupational Health of the Civil Service Commission.

for an expression of that agency's views as to the meaning of certain statutory provisions discussed *supra* and as to the existence, *vel non,* of certain procedures and practices, all in accordance with the approach suggested by Mr. Justice Harlan in *Rosado v. Wyman,* 397 U.S. 397, 405–07, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). However, on balance, this Court has determined in this case to remand for further administrative proceedings rather than to follow the *Rosado* approach. In that way, the administrative agency will have the opportunity further to develop the factual record along the lines discussed *supra.*