Ricker J. KLEINFELTER, Sr.
v.
The UNITED STATES.
No. 233–60.

United States Court of Claims.
June 7, 1963.

———◆———

Albert D. Stuart, Middletown, Pa., for plaintiff.

Edna P. Goldberg, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before JONES, Chief Judge, and WHITAKER, LARAMORE, DURFEE and DAVIS, Judges.

WHITAKER, Judge.

Defendant has moved for summary judgment on the question of liability only, based upon the following facts:

At all times material herein, plaintiff, a veterans preference eligible, was employed in a civilian position as a GS–6 Fire Fighter with the Department of the Army. As such, he was required to submit to an annual physical examina-

tion. Based upon the results of his physical examination in May 1956, the Post Surgeon advised the Civilian Personnel Office that plaintiff was physically disqualified for work as a fireman because of his cardiac condition and age, in that plaintiff's electrocardiogram showed extra systolic with bigemeny, that he was 61 years old, and 12 pounds overweight. Relying upon this report, the Civilian Personnel Officer placed plaintiff on involuntary sick leave on June 10, 1956.

By letter of June 6, 1956, the employing agency advised plaintiff that it proposed to separate him under section 14 of the Veterans' Preference Act of 1944 for physical disability, selecting the effective date of January 29, 1957 in order to enable plaintiff to utilize sick and annual leave which could not be included in a lump sum payment.

Plaintiff filed written protest of his proposed removal. He received the agency's adverse decision on August 2, 1956, from which he appealed to the Third Civil Service Regional Office. While this appeal was pending, the employing agency withdrew the proposed separation action, under the Veterans' Preference Act, and, instead, on October 11, 1956, it applied for plaintiff's involuntary retirement for physical disability under the Civil Service Retirement Act. Formal notice of this action was transmitted to plaintiff.

The Claims Section, Retirement Division of the Civil Service Commission approved the application, but this decision was reversed on April 2, 1957 by the Retirement Division of the Civil Service Commission, disallowing the retirement because of its finding that plaintiff was not totally disabled within the meaning of the Civil Service Retirement Act. From this decision the agency appealed. The Board of Appeals and Review of the Civil Service Commission, on October 30, 1957, affirmed. Plaintiff was notified to return to work on November 4, 1957.[1]

From June 10, 1956 to May 27, 1957 plaintiff was either on sick leave or annual leave, and drew his salary during that time. During the period May 27, 1957 to June 14, 1957 he was in a leave with pay status every other day, and on a leave without pay status on the other days. From June 14, 1957 to December 14, 1957 he was on leave without pay. The General Accounting Office ruled on a claim filed by plaintiff that he was properly carried on annual and sick leave with pay status from June 10, 1956 until April 2, 1957, the date the Retirement Division of the Civil Service Commission disallowed the retirement action, and that he was entitled to back pay from April 2, 1957 to November 1, 1957, less any amounts he was paid for leave during this period, and that any such leave for which he was paid should be recredited to his account as of April 2, 1957. This latter decision was reaffirmed by the General Accounting Office on December 7, 1959.

Between June 10, 1956 and April 2, 1957, plaintiff utilized some 2,000 hours of sick leave, and 1,000 hours of annual leave. Plaintiff seeks to recover "the salary wrongfully withheld during the period June 10, 1956 to April 2, 1957, said salary being an amount equal to the monetary equivalent of the hours of sick and annual leave wrongfully utilized during the aforesaid period, June 10, 1956 to April 2, 1957."

It has been determined by the Civil Service Commission, the body clothed with jurisdiction to determine such matters, that plaintiff was not in fact incapacitated to perform the duties of his office when he was put on sick leave, but was "ready, willing and able" to do so, not only at that time, but from that time on until he was restored to duty. For most of this period he has received his pay, but he has been deprived of the sick and annual leave to which he is entitled under the law and regulations. For a

---

1. Plaintiff was hospitalized at this time for a gland operation and actually returned to work on December 16, 1957.

portion of this period he has been deprived of the pay to which he was entitled. The question is, has he a remedy?

Having come to the conclusion that plaintiff's physical condition disqualified him from performing the duties of his office, the agency wanted to remove him. In order to do so, it started proceedings under section 14 of the Veterans' Preference Act, the only Act at that time under which it could accomplish his removal.

■■ That Act is designed to protect veterans from unjustified removals from office, whether on the ground of misconduct, inefficiency, a reduction in force, or incapacity to perform the duties of the office. This man had become, in the opinion of the agency doctor, incapacitated to perform the duties of his office, so it would seem proceedings to remove him were properly brought under the Veterans' Preference Act. At any rate, the agency thought so, and such proceedings were initiated and pursued through the approval of the removal action by the head of the agency, and an appeal therefrom to the Civil Service Commission. Before a decision by the Commission, proceedings under the Retirement Act were substituted for the proceedings under the Veterans' Preference Act, but if this had not been done, the Civil Service Commission, of course, would have arrived at the same conclusion it arrived at under the Retirement Act procedure, to wit, that plaintiff was not disabled when he was placed on sick leave and that he should be restored to duty. In this event, there would have been no doubt of plaintiff's right to recover, because the Act of June 10, 1948, 62 Stat. 354, amending the Lloyd-LaFollette Act and the Veterans' Preference Act, gave to any employee, who had been removed from his position and then restored to it on the ground that his removal was "unjustified or unwarranted," the right to recover the "compensation" of which he had been unjustly deprived. Is he any the less entitled to the benefits of the Act of June 10, 1948 because

proceedings under the Retirement Act were substituted for the proceedings under the Veterans' Preference Act? We are of the opinion that he is entitled to the benefit of the remedy given by the Act of June 10, 1948.

■ Both proceedings had the same objective from the standpoint of the agency, to wit, the removal of the employee for incapacity to perform the duties of his office. Hence, *to the limited extent* of unjustified or unwarranted removals for incapacity on account of physical disability, the two Acts are in *pari materia* and should be read together. Any remedy given an employee removed for incapacity by reason of physical disability by either Act should be available to him whether the removal proceedings be under one Act or the other. Although the Act of June 10, 1948, giving an employee the right to sue for an unjustified or unwarranted removal is an amendment to the Lloyd-LaFollette Act and the Veterans' Preference Act, it is directed to unjustified or unwarranted removals. Not only does it cover removals for disciplinary purposes, but also removals on account of reductions in force, and also incapacity to perform the duties of the employee's office by reason of physical disability. In the latter case, this Act and the involuntary retirement provision of the Retirement Act have the same objective, and any remedy for unjustified or unwarranted action given by one Act ought to be available although the proceedings to accomplish the common end were brought under another Act.

We think the terms of the Act of June 10, 1948 are broad enough to warrant this construction. Justice demands it. An employee erroneously deprived of the compensation of his office should be able to maintain an action to recover it.

■ It has been frequently held that statutes in *pari materia* are considered as if they constituted but one Act, so that sections of one Act may be considered as though they were parts of the other Act. See United States v. Freeman, 3 How. 556, 11 L.Ed. 724; Converse v.

United States, 21 How. 463, 467, 16 L.Ed. 192, et seq.; United States v. Jefferson Electric Co., 291 U.S. 386, 396, 54 S.Ct. 443, 78 L.Ed. 859; British-American Oil Producing Co. v. Board of Equalization, 299 U.S. 159, 57 S.Ct. 132, 81 L.Ed. 95; United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40; Commissioner of Immigration v. Gottlieb, 265 U.S. 310, 44 S.Ct. 528, 68 L.Ed. 1031; and various cases from the courts of a number of the States, cited in 50 Am.Jur. Statutes § 349, note 16.

■ This is not in conflict with the decisions of the Court of Appeals in Ellmore v. Brucker, 99 U.S.App.D.C. 1, 236 F.2d 734 and Murphy v. Wilson, 99 U.S. App.D.C. 4, 236 F.2d 737. Those cases hold that removal proceedings under the Retirement Act do not have to comply with the procedural requirements of the Lloyd-LaFollette Act and the Veterans' Preference Act. We agree. However, inasmuch as they do not deal with the question with which we are here concerned, we believe they are not inconsistent with our holding that, in so far as removals or suspensions or furloughs for incapacity to perform the duties of the office are concerned, the Retirement Act and the Veterans' Preference Act are in *pari materia*. The following language of the Court of Appeals in Ellmore v. Brucker, supra, "[t]he two statutes clearly serve different purposes, and are independently operative in their respective fields" is clearly inapplicable to a case of an unjustified or unwarranted removal for incapacity to perform the duties of the office due to physical disability. As this case demonstrates, either Act may be utilized to accomplish this purpose.

Justice demands that plaintiff recover, and we think the Act of June 10, 1948 permits him to do so.

Defendant's motion for summary judgment is denied. Since plaintiff does not move for summary judgment, we do not decide to what extent he is entitled to recover. The case is remanded to the Trial Commissioner for further proceedings.