Lucy L. ALLEN

v.

Harold T. BUSHY, Gerald A. Serrino and Veterans Administration.

Civ. A. No. 80–835.

United States District Court, W.D. Pennsylvania.

Sept. 28, 1983.

ALJ hearing when claimant asserts colorable constitutional claim that such denial violated his due process rights.)

Robert L. Simmons, Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., for defendants.

## OPINION

ROSENBERG, District Judge.

This matter was commenced by the plaintiff, Lucy L. Allen, against Harold T. Bushy, Gerald A. Serrino and the Veterans Administration, the defendants, seeking to recover 45 days of wages allegedly due and owing to her as a result of her sustaining an on-the-job injury.

After entry of the action pro se and finally with the entry of an attorney's appearance, considerable skirmishing ensued and finally a trial to the court was had. From all that was before me I find that the plaintiff is a former employee of the Veterans Administration (VA) in Pittsburgh, Pennsylvania; that the defendant, Harold T. Bushy, was the Regional Director of the VA in Pittsburgh; that the defendant, Gerald A. Serrino was and is the personnel officer at the VA in Pittsburgh; that on September 14, 1977, the plaintiff allegedly fell on the premises of the VA while in the performance of her duties as an employee of the VA; that the plaintiff has not worked since September 20, 1977 at the VA; that on September 21, the plaintiff applied for 45-day pay continuation for the alleged on-the-job injuries; and such pay was tentatively approved on September 23 pending medical verification from the plaintiff's physician.

I find further that the defendant Serrino on October 4 received information that the plaintiff had been involved in a prior non-work-related injury which may have been the cause of her incapacity, rather than a work-related injury; that the plaintiff also failed to supply medical evidence of her injury as requested; that the defendant Serrino thereupon tentatively controverted the plaintiff's continuation of pay as of October 3, pending determination of the Office of Worker's Compensation, United States Department of Labor, Philadelphia, Pennsylvania, as to the legitimacy of the plaintiff's claim; that on October 12, the plaintiff requested advance sick leave which was unearned sick leave to be charged against future earned sick leave; that on October 25, commencing that day, the plaintiff was granted 240 hours, 30 working days, advance sick leave; that by December 31, the plaintiff had used all of her advance sick leave of 240 hours, sick leave of 41 hours and annual leave of 159 hours, as calculated from the time of her injury (See Government Exhibit 12); that she had also used 14 days of traumatic injury pay, that is, 10 work days or 80 hours of continuation of pay, until controversion as of October 3, 1977; that by letter dated July 6, 1978, as amended by the letter dated July 18, 1978, the defendant Serrino informed the plaintiff that her claim for continuation of pay had been granted by the Office of Worker's Compensation Programs; that as a result, the remaining 31 days of continuation of pay was credited to her salary record and the sick and annual leave used by the plaintiff during that period from October 3 to November 4 was recredited to her record; that in this way, 87 hours of annual leave was returned to the plaintiff and was paid in a lump sum of $644.67; and that 81 hours of sick leave was credited to her advance sick leave of 236 hours, reducing her balance to 155 hours.

From these facts, the court finds that in a mathematical sense the plaintiff was correctly and accurately paid what was due

her, as supported by the pay records and as uncontroverted by the plaintiff.

■ The plaintiff's contentions are that (1) the defendants were wrongful in controverting the plaintiff's continuation of pay, and (2) the subsequent conversion to continuation of pay for the 31 days which were controverted should not have been charged against advance sick leave, but rather should have been credited to annual leave and paid out in a lump sum to the plaintiff.

As to the first point, the court has found that the defendant Serrino tentatively controverted the plaintiff's continuation of pay based upon information that the plaintiff's injury occurred off the VA premises and this action was thus in compliance with 20 CFR § 10.202(a)(4) which provides:

"Controversion by employing agency.

(a) The employing agency may, on the basis of the information submitted by the employee, or secured on investigation, controvert a claim and terminate an employee's pay only if:

. . . . .

(4) The injury occurred off the employing agency's premises and the employee was not engaged in official 'off premise' duties; . . ."

The plaintiff has not shown, nor has she cited any authority to the effect that the defendants failed to act according to law. *United States v. Abbett,* 381 F.2d 609, C.A. 5, 1967 and *Reynolds v. Veterans Administration,* M.S.P.B. May 4, 1981, which the plaintiff cites are not controlling because in both cases the government employees were placed involuntarily on leave, whereas here the plaintiff requested advance sick leave because of her claimed inability to work. The amount of annual leave which she eventually used during the period in question was reimbursed and the sick leave used far exceeded what she had earned. The plaintiff suffered no loss of earned annual or sick leave as a result of the controversion.

■ Thus, the plaintiff's second contention is also without merit; that is, she is not entitled to compensation without offset for unearned sick leave. The plaintiff was put into exactly the same position she would have been in had the continuation of pay not been controverted at that point in time. Annual leave which she used during that particular period was returned to her in the form of a lump sum, and sick leave used during that period which she had not earned was returned to the government. There is nothing to indicate that this was an incorrect procedure. Because the plaintiff's payments during this period came from either annual leave or sick leave, there is no alternative method available for identifying the source of the plaintiff's compensation. They have been clearly charged to either this or that account and there is no possible way of reconstructing that time period to conversion of pay without recrediting to the account used. The burden is upon the plaintiff to prove by a preponderance of the evidence that the amount claimed is due her. *Sturm v. Washington National Insurance Co.,* 208 F.2d 97, 102, C.A. 8, 1953. Since she has failed to do this, judgment cannot be rendered in her favor.

The court can understand how the plaintiff could be confused as to the calculations and accounting involved and be concerned that she was not receiving her due compensation; however, from the evidence presented and examination of the procedures and regulations, I find that the plaintiff was fully compensated and that such compensation was done according to law. The court, therefore, finds for the defendants. An order of court will be entered accordingly.

The Findings of Fact and the Conclusions of Law are incorporated in this Opinion in accordance with Federal Rule of Civil Procedure No. 52.[1]

---

1. Rule 52. Findings by the Court.
   (a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon. . . .
   If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

### ORDER OF COURT

AND NOW, TO–WIT, this 28th day of September 1983, in accordance with the evidence as presented in the non-jury trial of this case, the foregoing Findings of Fact and the Conclusions of Law, judgment is hereby granted in favor of the defendants, Harold T. Bushy, Gerald A. Serrino and the Veterans Administration.

